JOHN A. RHOADES *vs.* ISAAC VARNEY, and others.

York.    Opinion January 5, 1898.

*Negligence.    Master and Servant.    Assuming Risk.*

Although between joint employers, one of them takes upon himself the function of a workman, the relation of master and servant nevertheless continues to subsist.

Where a defendant standing in the relation of master, knows, or by the exercise of ordinary care ought to know, that the plaintiff is in a place of danger, it is the duty of such defendant therefore to exercise ordinary care on his part so as not to expose the plaintiff to perils that might by the exercise of such care have been avoided.

The servant, though employed in a place of more or less danger, has a right to expect the exercise of due care on the part of his employer.

The servant in assuming the ordinary risks of an employment does not assume a risk which is the consequence of the employer's negligence.

ON MOTION BY DEFENDANTS.

This was an action on the case in which the plaintiff recovered a verdict of $1200 for a leg broken by the defendants' negligence.

The case appears in the opinion.

*E. P. Spinney and J. O. Bradbury*, for plaintiff.

*G. C. Yeaton*, for defendants.

When plaintiff, then, put his leg where it was caught by the retreating carriage, he knew, or should have known, the inevitable consequence of his action.

He could and did choose where he would stand. Moreover, he knew the carriage would retreat without notice to him. *Flynn* v. *Campbell*, 160 Mass. 128; *Perry* v. *O. C. R. R.*, 164 Mass. 296; *McLean* v. *Chem. Paper Co.*, 165 Mass. 5; *McCann* v. *Kennedy*, 167 Mass. 23. It was a perfectly obvious danger, in the path of which he voluntarily stood. Counsel also argued:

(1) That defendant did not know where plaintiff's leg was when he reversed and started the carriage back; and if so, of course, had no reason to apprehend any unusual danger; and (2) if he did know this, he was wholly warranted in assuming that the plaintiff himself also knew where it was, and his age, faculties, and experience enabled him to appreciate the danger quite as distinctly as defendant could, and hence that he would seasonably remove it to some safer standing ground. *Inland & S. Coasting Co.* v. *Tolson*, 139 U. S. 551, 558; *Olson* v. *McMurray Cedar Lumber Co.*, 9 Wash. 500, (37 Pac. R. 679.) See other cases in Bailey's Pers. Inj. rel. to M. & S. 1121-1150.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

FOSTER, J. The plaintiff was employed to attend the "tail-stock" in defendants' saw-mill, and while so doing his leg was

broken by being caught between a projecting point, or head block, of the retreating log carriage and the frame supports of wooden rollers set in the floor and designed to facilitate handling the lumber as it came from the carriage. One of the defendants was the sawyer, stationed near the saw, whose duty it was to operate the carriage, and the negligence which the plaintiff alleges consisted in his "carelessly, negligently, and without notice, starting the machinery operating said carriage" while the plaintiff was in the act of removing the log from the carriage.

The verdict being for the plaintiff, the case comes before this court on the defendants' motion to set the verdict aside because it is not supported by the evidence, and because it is excessive in amount.

The gravamen of the plaintiff's complaint is that his injuries were received through the defendants' negligence in starting the machinery without due warning or notice to the plaintiff so as to enable him, while in the proper performance of his duty, and with reasonable care on his part, to avoid the peril and escape the injuries which he received.

The plaintiff was twenty-five years old, and had had ample experience in the duties and dangers of his occupation, and had been at work about six-weeks in the performance of the same duties in which he was engaged at the time of the accident, and, as the evidence shows, during all that time it had been the practice of the defendant to start the carriage back as soon as it was relieved of the log or lumber upon it.

The logs were placed upon the carriage in the rear of the saw, then run past, and if deemed suitable sawed into box boards; otherwise taken off and cut into shingle bolts. When the plaintiff was injured, a log of the latter character had been placed upon the carriage, run past the saw, and the plaintiff was attempting to remove his end of it from the carriage, when the carriage was started back at a velocity of from three to four hundred feet a minute. The contention of the defendants is, that the log had been removed when the carriage was started. This is the principal question of fact upon which the parties are at variance.

It is strenuously asserted in defense that the defendant did not know where the plaintiff's leg was when the carriage was reversed and started back; and that if he did know this, the defendant was warranted in assuming that the plaintiff himself also knew, and that his experience enabled him to appreciate the danger of the situation and to seasonably remove his leg to some safer standing ground.

The evidence is uncontradicted that the defendant was looking at the plaintiff at the time he started the carriage. There is no suggestion that any warning was given, or any other communication between them. The defendant knew, or by the exercise of ordinary care ought to have known, that the plaintiff was in a place of danger, and it was his duty thereupon to exercise ordinary care on his part so as not to expose the plaintiff to perils that might by the exercise of such care have been avoided. Even though the plaintiff was in a position which was more or less dangerous from the very nature of the work and the machinery which was being operated, and demanding care and vigilance on his part, yet he had a right to expect the exercise of due care on the part of his employer. From him he was entitled to expect the care and attention which the superior position and presumable sense of duty of the latter ought to command. And although by an arrangement between the joint employers of this plaintiff, one of them saw fit to take upon himself the function of a workman, the relation of master and servant nevertheless continued to subsist. *Ashworth* v. *Stanwix*, 3 El. & El. 701, (107 E. C. L. 700).

True, the plaintiff in engaging in the employment of the defendants assumed the ordinary risks of such employment, or those of obvious peril. *Haggerty* v. *Hallowell Granite Co.*, 89 Maine, 118. But it is the duty of the employer, implied from the contract of employment, to exercise ordinary care in view of the circumstances of the situation, so that the servant shall not be exposed to dangers that may be prevented by the exercise of such care. Whenever the employer fails in this duty, it is negligence, and he is liable to the servant who has been injured in consequence of such failure of duty, and who is without fault on his part; for the ser-

vant in assuming the ordinary risks of the employment does not assume a risk which is the consequence of the employer's negligence. This doctrine is sustained by numerous authorities, and the principal difficulty arises in the application of the rule to the facts of each particular case. *Mayhew* v. *Sullivan Mining Co.*, 76 Maine, 100, 108; *Buzzell* v. *Laconia Manf. Co.*, 48 Maine, 113; *Shanny* v. *Androscoggin Mills Co.*, 66 Maine, 420.

The question of negligence, even in cases where the facts are undisputed but where intelligent and fair-minded men may reasonably arrive at different conclusions, is for the jury. *Elwell* v. *Hacker*, 86 Maine, 416; *Nugent* v. *Boston, Concord and Montreal R. R.*, 80 Maine, 62, 70. This is not a case where there is not evidence of sufficient legal weight to sustain a verdict, as was the case of *Elwell* v. *Hacker*, supra, where the plaintiff sustained injuries by the fall of a staging which he had built from materials of his own selection, and where there was no evidence that either of the defendants had personally superintended its removal. Nor like the case of *Nason* v. *West*, 78 Maine, 253, 259, where the plaintiff sought to recover for injuries received in entering an oven which fell upon him, the nature and construction of which he was as well acquainted with as the master himself.

Here, the defendant was personally operating machinery which was of a dangerous character. He knew, or ought to have known, the danger to which the plaintiff was exposed in the situation in which he was at that moment engaged, and in which he saw him. It was a duty he owed the plaintiff to look, to perceive, and ascertain when it was proper to recall the carriage. He acted upon his own judgment, not from any signal communicated to him from the plaintiff. The facts do not warrant us in holding that the plaintiff, by his contributory negligence, is precluded from maintaining this action.

Nor do we think the verdict should be reduced. The plaintiff's injuries were severe, the bones of his leg being broken in three places. The injury was such that the fractured limb is somewhat shorter than the other, and this injury is permanent. We do not feel that any reduction in the amount of the verdict is called for in this case.

*Motion overruled.*