ADELBERT F. CALLAHAN *vs.* AMOS D. BRIDGES SONS, INC.

Androscoggin.     Opinion October 4, 1929.

*Fred H. Lancaster,*
*Seth W. Norwood,* for plaintiff.
*Oakes & Farnum,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

DUNN, J.   An hour and a half before sunset on September 22, 1928, the automobile of the plaintiff and the self-propelling steam shovel of the defendant were being operated, in opposite directions, upon a highway in the town of Livermore.  They collided.

The steam shovel was on the wrong side of the road.  That is, instead of being to the right of the middle of the traveled part of the way, so far that it and the automobile could pass without interference, the shovel was to the left of that middle.  R. S., Chap. 26, Sec. 2, as amended.

This is the only allegation of negligence.

On issue joined, plaintiff prevailed; the jury award of damages being $240.00.

Defendant moves to set the verdict aside because it is not supported by the evidence.  The ground of excessiveness, not having been argued, is deemed waived.

When the allegation is that the failure of the defendant to observe the law of the road was the proximate cause of the damage, the plaintiff takes upon himself the burden of establishing, not only the negligence of the defendant, but that the plaintiff himself was free from any contributory fault.

The fact that the steam shovel is shown to have been on the left of the road raises a prima facie presumption of negligence. Procedurally, then, it is for the defendant, in reference to the point to which the presumption relates, to go forward with the evidence.

Prima facie presumptions are open to explanation. *Raymond* v. *Eldred*, 127 Me., 11.

Defendant introduced testimony that, to make the curve, it was essential that the machine be where it was.

There need not be pause to consider what effect the jury could have given to the explanatory evidence. When the plaintiff, in the exercise of common prudence, reasonably could have seen the steam shovel on the wrong side of the street, it was then seven hundred and sixty feet, in unobstructed view, ahead of him.

The steam shovel was eight feet wide, fifteen feet high, with an excavating bucket attached to a manipulatory arm, elevated above its roof. It had a coating of gray paint. Speed capacity one mile an hour. Soft coal smoke was pouring from its stack.

There is uncontradicted testimony that, on seeing the automobile approaching the operator of the steam shovel stopped it, and motioned to the plaintiff to pass on his left-hand side.

Plaintiff testified that, on first seeing the steam shovel, twenty-five or thirty feet off, he braked his automobile, turned still farther to the right, but could not, in the narrow space available, avoid collision.

What the apostle said of a greater law may be said of the law of the road: "The Law is admirable — provided that one makes a lawful use of it." 1 Tim., 1, 8 (Moffatt).

The law of the road yields to extraordinary junctures. *Marquis* v. *Fitts*, 127 Me., 75.

Care and vigilance on the part of vehicular travelers should always vary, according to the exigencies which require vigilance and attention. An automobile driver is bound to use his eyes, bound to see seasonably that which is open and apparent, and take knowl-

edge of obvious dangers. When he knows, or reasonably ought to know, the danger, it is for him to govern himself suitably. Thoughtless inattention on the highway, as elsewhere in life, spells negligence.

Whatever the other aspects of this case, plaintiff clearly failed to sustain the burden of proving that, at the time of the accident, he himself was in the exercise of due care.

*Motion sustained.*
*New trial granted.*