PETER LeBLANC *vs.* FRANK STURGIS.

Oxford.      Opinion November 12, 1929.

*Albert Beliveau,* for plaintiff.
*Harry E. Nixon,*
*Roy Sturgis,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, BASSETT, FARRINGTON, JJ.

DUNN, J.    Common-law principles govern this personal injury case, the number of workmen regularly in the employ of the defendant at the time of the accident having been but five.  R. S., Chap. 50, as amended by 1919 Laws, Chap. 238.

On December 1, 1928, defendant was in the steam sawmill busi-

ness at a place called Grindstone. He personally directed the work in his mill, and besides was sawyer. Plaintiff was marker. Another employee performed the duties both of fireman and engineer.

There is testimony that, before the mill had been started for the day on this December first, plaintiff, then standing near a circular saw, was ordered by the defendant to assist him in turning the saw, to effect the detail of throwing the shafting belt on or off, the evidence being indefinite which.

Plaintiff appears to have obeyed the order and to have been injured.

The gravamen of the declaration is that plaintiff's injuries were received through the negligence of the defendant, in his failure to have the steam shut off from the engine.

Nonsuit was imposed at the close of·the plaintiff's evidence. Exception was taken.

The jury could have found that, when the plaintiff, himself in the exercise of due care, had, with the aid of the defendant, turned the saw, and thus overcome the dead center of the crank and connecting rod on the engine, the engine suddenly rapidly rotated the saw, which caught the plaintiff's glove and drew him into contact, to his damage.

There is evidence that, though plaintiff did not know the steam was on, he did know the custom of the fireman to be, when the work for the day had been done, to close the steam valve on the boiler, and "warm" his engine by gradually turning on steam the next morning, before beginning to saw.

The relation of master and servant did not cease to subsist, because the defendant assisted in the performance of the manual labor necessary to execute his order. *Rhoades* v. *Varney*, 91 Me., 222, 225; *Meagher* v. *Crawford, etc., Co.*, 187 Mass., 586, 589.

On facts which the jury could have found the plaintiff would have been justified in regarding the order to do that which, the steam off, could be done with reasonable safety, as not manifestly unreasonable.

In obeying the order (*Jensen* v. *Kyer*, 101 Me., 106; 39 C. J., 483; *Eaves* v. *Atlantic, etc., Company*, 176 Mass., 369), the employee had the right to assume that his employer would not subject him to unnecessary peril. *Jensen* v. *Kyer*, supra; *Illinois Steel*

*Company* v. *Schymanowski*, 44 N. E., 876 (Ill.) ; *Aho* v. *Adriatic Mining Company*, 136 N. W., 310 (Minn.).

True, it is not in evidence that defendant let on the steam ; but it was on, and the giving of the order to turn the saw, when the defendant, either from his experience must have known, or by ordinary forethought or reasonable care could have known, that, the engine being under steam pressure, performance of the order would be attended with grave danger, would warrant conclusion by the jury that the defendant was negligent. *Carroll* v. *Fore River, etc., Company*, 208 Mass., 296.

A workman, merely by his contract of employment, does not assume the risk of accident caused by the negligence of his employer. *Elliott* v. *Sawyer*, 107 Me., 195. Still, proof might show the voluntary assumption of such a risk. *Richards* v. *Railroad Company*, 125 Me., 347.

The evidence was sufficient to take the case to the jury, to determine in final analysis if liability exist for the consequences, not of danger, but of negligence.

*Exception sustained.*