LUCY G. GALLUP, administratrix, *vs.* WESLEY C. LAZOTT.

Berkshire. April 3, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence*, Motor vehicle, Contributory, Imputed, Causing death.

The right of recovery for the causing of death is wholly statutory, and under G. L. c. 229, § 5, as amended by Sts. 1922, c. 439; 1925, c. 346, § 9, that right may be established by proof only of ordinary negligence, even though the decedent when injured was a guest of the defendant in a motor vehicle.

At the trial of an action by an administrator for causing the death of the plaintiff's intestate, a woman, there was evidence that the intestate was riding in the middle of the driver's seat of an automobile driven by the defendant, with her son on her right side; that "there was ample room" on the seat; that, in rounding a curve, one wheel went over a street railway rail, the wheels "seemed to lock," and the car ran off the road and overturned; that, while previous to the accident it was being driven at a speed of at least forty miles per hour, the varying speeds were called off by the intestate's son, who was watching the speedometer, and the intestate, sitting in the middle of the seat, "was looking straight in front of her and watching the way" and made no protest as to the speed or manner of operating

the automobile. *Held*, that such evidence did not require a ruling of law that the intestate voluntarily had surrendered all care of herself to the caution of the driver so that his negligence was to be imputed to her, nor that she was guilty of contributory negligence.

TORT for the causing of the death of the plaintiff's intestate, Lucy B. Pollard. Writ dated December 12, 1928.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence and exceptions by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $5,269.92. The defendant alleged exceptions.

*F. M. Myers*, for the defendant.

*H. P. Drysdale*, (*A. F. Bickford* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover for the death of the plaintiff's intestate, who was riding in an automobile owned and operated by the defendant. There was a verdict for the plaintiff. The case is here upon the defendant's exceptions to the denial of his written motion for a directed verdict, and to the refusal to rule, as requested by him, that the plaintiff could not recover "unless she shows that the defendant was guilty of gross negligence," and that there was "no evidence of gross negligence" on his part.

Evidence introduced by the plaintiff tended to show the following facts: The plaintiff's intestate, Lucy B. Pollard, a mature woman, and her son were riding with the defendant as his guests from Amherst to North Adams after dark on October 27, 1928, in a large roadster which was being driven by the defendant at a rate of from forty to fifty miles an hour. The deceased sat in the middle of the seat of the roadster with her son on one side of her and the defendant at the steering wheel on the other. Each of them was rather small, and it was testified "that there was ample room" for them and that they "all sat very comfortably" in the seat. When they had travelled about fifty-five miles and were approaching a curve, with no other vehicle in sight, in either direction, the right wheel of the roadster went over the nearest rail of the trolley track, which was at the right of the highway and at a slightly higher level. The defendant tried to turn to the left, the wheels "seemed to lock," and the roadster suddenly went across the road to the left,

through a fence and down a short incline into a meadow
where it overturned, causing the death of the plaintiff's
intestate.  Her son, called by the plaintiff, testified that "the
moment the car got on the curve . . . and before the right
wheel had crossed the car track, he knew that it was impos-
sible to make the curve," that he had been watching the
speedometer all the way from Amherst and "calling off to
the defendant the varying speeds at which the automobile
was being operated," that there was no protest by anyone
"either as to the speed at which the automobile was being
operated, or as to the manner of operating the automobile"
and that the deceased "was looking straight in front of her
and watching the way."

The defendant testified that he did not believe that he was
going more than forty miles an hour.  The only explanation
given by him for the automobile's leaving the travelled way
and getting on the tracks was that he "must have inadver-
tently steered to the right."

It was agreed "that the highway . . . was a macadam
surfaced highway, approximately twenty-five to thirty feet
in width and that the road was entirely dry and free from
snow or ice at the time . . . ."  There was no evidence that
any other automobile was involved in the accident, that the
deceased knew how to operate an automobile or that the
defendant was not an experienced and skillful driver.  The
jury took a view of the scene of the accident.

The rulings requested as to gross negligence were refused
properly.  The right to recover for death is wholly statu-
tory.  G. L. c. 229, § 5, as amended by St. 1922, c. 439, and
St. 1925, c. 346, § 9.  See *Bickford* v. *Furber, ante,* 94, 98.
It is settled that, by its terms, the statute "requires proof
only of ordinary negligence."  *Flynn* v. *Lewis,* 231 Mass.
550, 555.  *Bergeron* v. *Forest,* 233 Mass. 392, 399.  *Shapiro*
v. *Lyon,* 254 Mass. 110, 115.  See *Brooks* v. *Fitchburg &
Leominster Street Railway,* 200 Mass. 8, 17.  Nothing that
was said in *Robbins* v. *Athol Gas & Electric Co.* 236 Mass.
387, 391, is to be regarded as affecting this conclusion.
The decision in that case is consistent with the result reached
here.  That case decided that the "death statute" did not

enlarge the class of persons to whom some duty of care was owed.  See *Bergeron* v. *Forest, supra.*

The motion for a directed verdict was denied rightly.  It is not contended that the evidence did not warrant a finding of ordinary negligence on the part of the defendant.  The defendant contends, however, that a verdict should have been directed for him on the ground that, as matter of law, the plaintiff's intestate was guilty of contributory negligence.  The evidence of her conduct was put in as a part of the plaintiff's case and was uncontradicted.  From this evidence it appeared that, while the automobile was being driven at a speed of at least forty miles an hour, — a witness for the plaintiff said "forty-five to fifty miles per hour; between forty and fifty; forty-five miles per hour," though the defendant testified "that he did not believe he was going more than forty miles per hour," — the varying speeds were called off by the son of the deceased who was watching the speedometer, and the deceased, sitting in the middle of the seat, "was looking straight in front of her and watching the way" and made no protest as to the speed or manner of operating the automobile.  This evidence, even if taken at its face value (see *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310, 321; *Haun* v. *LeGrand,* 268 Mass. 582, 584 and cases cited), did not require a finding that the deceased was negligent.  It did not show, as a matter of law, that she voluntarily surrendered all care of herself to the caution of the driver so that his negligence was to be imputed to her, as did the injured person in *Oppenheim* v. *Barkin,* 262 Mass. 281, 283.  See *Griffin* v. *Hustis,* 234 Mass. 95, 99–100; *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340, 344, 345, 346.  Nor did her failure to protest amount necessarily to negligence.  Apart from speed nothing is shown as to the manner in which the automobile was being driven prior to the accident which called for any protest from her.  In this respect *Thorp* v. *Boston Elevated Railway,* 259 Mass. 415, relied on by the defendant, is distinguishable.  Obviously, the occurrences at the time of the accident were so nearly instantaneous that no effective warning could have been given or other act done then by the deceased to avert it.

See *Harter* v. *Boston Elevated Railway*, 259 Mass. 433, 436. Whether, in order to exercise due care, she was bound to protest against the speed of the automobile before the accident was a question of fact for the jury. See *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 499. While this speed was evidence of negligence on the part of the driver, in the circumstances of this case it was not conclusive thereof. *Marcienowski* v. *Sanders*, 252 Mass. 65, 68. See also *Burke* v. *Cook*, 246 Mass. 518, 522. *A fortiori*, it was not conclusive that the failure of the deceased to protest, even if amounting to tacit acquiescence, was negligence. A finding by the jury that the defendant was negligent did not require a finding that the deceased also was negligent. Without entrusting herself wholly to his care she was entitled to rely somewhat upon his skill and judgment. See *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574, 576, 577.

*Exceptions overruled.*