Wilson, J.
These were actions of tort, tried together and. reported together, in which the plaintiff seeks to recover damages for personal injuries sustained by him while riding in an automobile operated by one Richmond when said automobile was in collision with an automobile operated by the defendant, Martha B. Allen, and owned by her husband, ■the defendant, Arthur M. Allen. The collision occurred in the Brighton District of Boston at the intersection of Market Street, and Sparhawk and Arlington Streets, which latter streets entered Market Street at points opposite each other.
The trial judge made certain findings of fact which, so far as they pertain to the issue of liability, are as follows:
*428 “These two actions of tort for personal injuries were tried together by agreement of the parties. About eleven A. M. on January 16, 1934, a car in which the plaintiff was riding was in a collision with a car owned by the defendant, Arthur M. Allen, and operated by the defendant, Martha B. Allen, at the intersection of Sparhawk, Arlington and Market Streets in the Brighton District of the City of Boston. All streets are public highways, Market Street being from 60 to 65 feet wide and each of the other streets being approximately 35 feet wide at the location of the accident. At the time of the collision, the weather was fair and the roadway dry. The Allen car was being operated on Market Street at a speed of about 20 miles an hour. The automobile in which the plaintiff was riding came from Sparhawk Street out into the intersection at Market Street at a speed of approximately 35 miles per hour, which speed was unreasonable, having in mind the physical condition and traffic condition at the time. The Allen car was either at a standstill or just about to stop at the time of the collision, while the car in which the plaintiff was riding moved through the intersection without lessening its speed of 35 miles an hour and after the collision, moved for a distance of 24 feet when it struck the sidewalk curbing and the car swerved and faced in a southerly direction before coming to a standstill.”
The court found for the defendant in both actions.
The plaintiff seasonably presented identical requests for rulings in each case, five in number.
1. In all the evidence, the plaintiff is entitled to recover and to a finding in his favor.
2. The negligence of the host, if any, on the evidence, could not be imputed to the plaintiff.
3. At the intersection, the plaintiff being on the right, therefore, he had the right of way as he arrived first at the point of intersection.
*429 4. The defendant, on her own evidence, approached the intersection at a rate of speed greater than that allowed by law, therefore, this is evidence of negligence since her view was obstructed.
The fifth request was waived by the plaintiff at the argument of the case before this Division.
The trial court denied requests numbered 1, 2 and 4 without comment.
With respect to request numbered 3, the court ruled:
‘ ‘ I find that it is a fact that the car in which the plaintiff was riding came and went through the intersection at an unreasonable rate of speed, namely 35 miles per hour. This request is therefore denied.”
The first request was properly denied. It does not specify the grounds upon which it is based, as required by Rule XXVII of District Courts (1932). Holton v. American Pastry Products Corp., 274 Mass. 268, 271. Mericantante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) 1613,1614.
The third request was intended to call to the attention of the trial court the rule regarding the right of way at intersections as established by Gr. L. (Ter. Ed.) ch. 89, § 8. Fournier v. Zinn, 257 Mass. 575, 577. Brown v. Robinson, 275 Mass. 55, 56.
The fourth request was intended to call to his attention the rule regarding speed at street intersections, as provided by Gr. L. (Ter. Ed.) ch. 90, § 17.
It has often been decided that the violation of a criminal statute is some evidence of negligence. But whether there was a violation of the statutes referred to in those rulings was a question of fact. Nicoli v. Berglund, Mass. Adv. Sh. (1936) 495, 497. Patrican v. Garvey, 287 Mass. 62. And whether, if there was a violation of either: of said statutes, sutih violation had a causal relation with the injury to the *430 plaintiff, was a question of fact. Wainwright v. Jackson, Mass. Adv. Sh. (1935) 1405,1407. There the rule is stated:
“Violation of law is regarded as a cause of injury only when the forbidden element in the conduct alleged to be negligent is the effective cause of the damage sought to be fastened on the defendant.”
The third request also was based upon a conclusion of fact that the car in which the plaintiff was riding arrived at the intersection first.
The fourth request presupposed a finding that the view at the intersection was obstructed and that the speed was greater than allowed by law.
All these called for findings of fact by the trial court, which he was not required to make. Castano v. Leone, 278 Mass. 429, 431.
The evidence regarding these incidents was all oral and contradictory. The credibility of the witnesses was for the trial court. Kirkland v. Lawrence, Mass. Adv. Sh. (1935) 2383, and findings based upon such evidence present no question of law for review. Engel v. Checker Taxi Co., 275 Mass. 471. Dillon v. Framingham, 288 Mass. 511. Ashapa v. Reed, 280 Mass. 514.
It was said in Barrows v. Checker Taxi Co., Mass. Adv. Sh. (1935) 1000:
“It is a familiar law that, in an action arising from a collision of automobiles at intersecting streets, negligence, due care, and contributory negligence, of the respective parties present questions of fact.”
It is clear the trial court was right in denying said rulings.
The plaintiff’s second request states a correct principle of law, Curley v. Mahan, 288 Mass. 369, 373, and might be applicable under certain circumstances.
*431 There was ample evidence of negligence on the part of the driver of the car in which the plaintiff was riding. The trial judge could have refused said ruling as immaterial because he found the plaintiff himself was negligent. There was evidence that as he approached the intersection he could see up Market Street 200 to 300 feet, that he saw. the Allen car 150 yards up Market Street, that it passed two other cars and was moving between 50 and 60 miles per hour, that the car in which he was riding entered the intersection at a speed of 35 miles per hour which was an unreasonable speed, having in mind the physical condition and the traffic at the time.
There was no evidence that the plaintiff protested against the speed of the car or warned the driver of the car in which he was riding of the danger from the oncoming car.
That he knew the driver had driven for years and had faith in his ability to operate, but didn’t entrust his safety to him. That he did not see the “Slow” sign'as.he approached the intersection.
Such evidence was sufficient to warrant a findiiig that the plaintiff was negligent and his negligence was a contributing cause of the accident. Gallup v. Lazott, 271 Mass. 406, 410. There the court said :
“Whether, in order to exercise due care, she was bound to protest against the speed of the automobile before the accident was a question of fact for the jury.”
It was also sufficient to warrant a finding that the burden of proof in that regard had been sustained by the defendant.
Said request could also have been properly refused because the trial court found as a fact that the defendant, Martha B. Allen, was without fault in the manner in which she operated the car at the time of the collision, and therefore this request, which had to' do only with the contributory negligence of the plaintiff, became immaterial.
*432 At most, the refusal of the' court to give the plaintiff’s second request was without harm to the plaintiff within the rule applied in Patterson v. Ciborowski, 277 Mass. 260, 267, and Harding v. The Broadway National Bank, Mass. Adv. Sh. (1936) 661, 668.
No prejudicial error appears and the report is dismissed.