FORREST WELLS *vs.* MARK L. SEARS.

Piscataquis.     Opinion, March 4, 1939.

*J. S. Williams,* for plaintiff.
*John P. White,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, MANSER, JJ.

MANSER, J. On defendant's exceptions to acceptance of Referee's report. The action is one brought by a guest passenger against the operator of the automobile in which he was riding. The Referee found for the plaintiff and assessed damages in the sum of $750 with costs. The legal issues raised by the exceptions are made clear by a recital, as far as germane, of findings of the Referee.

"Just prior to the collision an automobile driven by one, Guy E. Annis, approached the highway from a private driveway on defendant's right. Mr. Annis was a contractor having men at work in the near vicinity of the highway and opposite the private driveway. He turned his automobile in the same direction in which the defendant's automobile was proceeding and stopped upon the extreme right, the wheels upon the left side of his car extending less than two feet upon the tarvia road, the remainder of the automobile being outside the traveled part of the highway. The highway at this point had a tarvia surface and was approximately thirty feet in width. There was no other traffic in the vicinity at this time. At about the time the Annis car came to a stop the defendant's automobile struck it with great force, the collision resulting in the complete destruction of the defendant's automobile.

"I find the defendant guilty of negligence. The defendant, however, contends that the plaintiff was guilty of contributory negligence as a matter of law in that he was asleep at the time the accident occurred. I do not agree with this contention. I rule that the question of plaintiff's contributory negligence is a question of fact . . . . In this case if the plaintiff was negligent in falling asleep, this negligence did not contribute to cause the accident. It is clear that the collision was due to the failure of defendant to so guide his automobile as to avoid a collision with the Annis car which was occupying not more than two feet of the traveled highway upon his right. The plaintiff if awake and alert could not reasonably have been expected to warn the driver of the presence of the Annis car which was in plain view and which could have readily been

avoided. While the speed of defendant's car was in excess of the statutory limit it is not claimed that the car was not under complete control."

There were ten exceptions. Three have to do with the findings of the Referee with respect to the negligence of the defendant and one as to the amount of damages. The record amply discloses that there is no merit in these exceptions.

Because of an apparent misconception of the effect of the finding by the Referee, one of this group of exceptions may be noted. It is, in substance, that the Referee held the defendant to be guilty of negligence because he was driving the automobile in excess of the speed limit although he had the car under complete control. This is not the correct interpretation of the finding. The defendant was found guilty of negligence because, although his car was under control and there was no occasion for any accident, yet he carelessly allowed a collision to occur.

The essence of the remaining exceptions is that the Referee should have ruled as a matter of law that the plaintiff was guilty of contributory negligence by reason of the fact that he was asleep at the time of the accident.

The particular case relied upon is that of *Oppenheim* v. *Barkin*, 262 Mass., 281, 159 N. E., 628. In that case, the defendant operator of the car had left New York about five P. M., reaching Springfield after one o'clock in the morning and going from there to Worcester, which was reached about four o'clock. The accident happened about two miles east of Worcester. The defendant drove the car during the entire trip. The court found no reason for the accident unless the defendant had fallen asleep. The plaintiff also was asleep. The ruling of the court was:

"A guest on the rear seat of an automobile cannot be expected to control its operation or interfere with its movement, but he must exercise some care. If the plaintiff saw that the defendant was asleep, or, if he were awake and the plaintiff saw him turning away from the line of travel across the highway to the left, it could have been found to be the plaintiff's duty to arouse the defendant or warn him of the approaching danger; or for the plaintiff to take some precaution for his

own safety. This the plaintiff failed to do; he entrusted himself entirely to the care of the defendant, placing absolute reliance on the defendant's caution."

Under the facts of that case, the statement of the legal principle involved was perhaps sufficient but it fails to include the important element of causal connection.

It may be said that a passenger, who goes to sleep while riding in an automobile over the public highways, voluntarily allows a condition to exist which prevents him from using any degree of care or caution for his own safety and the well-established rule requires gratuitous passengers in automobiles to use ordinary care to warn of apparent danger. The crux of the matter is, however, whether the passenger, though alert and watchful, could have prevented the negligent act of the driver in colliding with another vehicle. If he could not, then his somnolent condition had no contributory causal connection with the accident.

In a series of cases our Court has given effect to this principle. In *Peasley* v. *White*, 129 Me., 450, 152 A., 530, 531, it was held:

"The plaintiff was bound to exercise some degree of care. He could not wholly escape the duty of keeping a lookout and warning the driver of apparent danger. This duty did not require or empower him to assume control of the car, and *if in the exercise of reasonable care he could not have done anything to avert the accident, he is not barred from recovery.*"

Also in *Rouse* v. *Scott*, 132 Me., 22, 164 A., 872, 873, we find the statement:

"The plaintiff not only had the burden of establishing the negligence of the defendant, but also that he himself was free from negligence which was a *contributing proximate* cause of the collision."

Again in *Field* v. *Webber*, 132 Me., 236 at 241, 169 A., 732 at 735, the principle is thus defined:

"In order to constitute contributory negligence, act or inadvertence of plaintiff, amounting to a breach of duty which

the law imposes upon persons to protect themselves from harm, must so unite with actionable negligence of defendant as to make the damage complained of, the direct result of such mutual and cooperating negligence."

To the same effect, in *Eaton* v. *Ambrose*, 133 Me., 458, 180 A., 363, 364, we find tersely stated:

"Contributory or cooperative negligence exists where, but for the negligence or wrong of both parties, there would have been no injury." *Alexander* v. *Mo. etc.*, *R. R. Co.*, 287 S. W., 153 at 155."

The case of *Banks et al.* v. *Adams & Ry. Co.*, 135 Me., 270, 195 A., 206, 209, points out that:

"Even though negligence of the defendant, Adams, is established, yet it is incumbent upon the plaintiffs to prove that no want of due care contributed as a *proximate cause* of the injury. Each case must be governed by its own facts and circumstances."

The case at bar must likewise be governed by its own circumstances. The Referee found that the alleged negligence of the plaintiff was not a proximate cause of the accident and such finding was one of fact, undoubtedly in agreement with the reasoning applied in *Gallup* v. *Lazott*, 171 N. E., 658, 271 Mass., 406:

"Obviously, the occurrences at the time of the accident were so nearly instantaneous that no effective warning could have been given or other act done then by the deceased to avert it."

See also *Kimball* v. *Bauckman*, 131 Me., 14 at top of p. 21, 158 A., 694; Huddy, Automobiles 5–6, p. 239; also p. 246; *Simrell* v. *Eschenbach*, 303 Pa., 156, 154 A., 369; *McAndrews* v. *Leonard*, 99 Vt., 512, 134 A., 710; *Curran* v. *Anthony, Inc.* (Cal.), 247 Pac., 236; *Munson* v. *Rupker* (Ind.), 151 N. E., 101; *Chapman* v. *Mo. Pac. R. Co.*, 269 S. W., 688.

The Iowa case of *Fry* v. *Smith*, 253 N. W., 147, gives particular consideration to *Oppenheim* v. *Barkin*, supra, relied upon by the defendant and makes this comment, with which we agree:

"It is apparent from the above cases that the courts are not agreed in holding that the mere fact that a passenger in an automobile was asleep at the time of an accident is in and of itself contributory negligence, as a matter of law. That it might, as a matter of law, be contributory negligence for a passenger to go to sleep under certain circumstances may be admitted; but we are not prepared to accept the doctrine that the mere fact that a passenger in an automobile voluntarily goes to sleep must in all cases and under all circumstances be held to constitute contributory negligence. In any event, we think that, in order to defeat the recovery of a plaintiff who has been asleep at the time of an accident, on the ground that this constituted contributory negligence, there must be a causal connection between the fact that the plaintiff was asleep and the accident."

The entry will be

*Exceptions overruled.*