ORRIN R. BAKER

*vs.*

McGARY TRANSPORTATION CO., INC.

Kennebec.    Opinion, January 17, 1944.

*Ernest Goodspeed,*

*Charles A. Pierce,* for the plaintiff.

*Robinson & Richardson,*

*John D. Leddy,*

*Locke, Campbell & Reid and Herbert E. Locke,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C.J.  In this action the plaintiff was awarded damages for the destruction of his automobile and the injuries he received when he ran into the rear end of the defendant's four wheel trailer. The case comes forward on the defendant's general motion.

When the collision occurred the trailer, operated by an employee of the defendant corporation, was standing at the side, but partly on, a state highway in Topsham and, although it was an hour before sunrise, its lights were turned off in violation of the highway law. *Revised Statutes*, Chap. 29, §82 as amended, §83. The jury were not manifestly wrong in finding that the presumption of negligence which arose was not overcome by the explanations offered.

The trailer was eleven feet high and the body seven feet wide, the bottom of its black and white striped tailboard was four and one-half feet up from the road with two six-inch reflectors hanging down from it, and the rear wheels were large and dual type. The highway at this point was straight, both cars were on about the same gradual up-grade and there was no other traffic. The plaintiff testifies that with windshield clear his headlights showing the road seventy-five feet ahead he drove at thirty to thirty-five miles an hour to within less than ten feet of the trailer before he saw it and then without time to apply his brakes or turn away, crashed into its rear end. His excuse is that he had taped his headlights half way down the lenses to conform to war time dim out regulations and the beams were lowered. By his own admissions, however, when he saw the trailer his lights were high enough to show him its black and white striped tailboard up four and one-half feet from the ground, and he advances no reason for a lessened illumination along the range of his lights.

We are convinced that if the plaintiff had been giving due

attention to his driving and the road ahead he would have seen the trailer in ample time to either slow down and stop or turn to the left into the then unobstructed other lane of the way. On the record his thoughtless inattention was a contributing proximate cause of the damages which he sustained. In principle this case cannot be distinguished from *Callahan* v. *Bridges Sons*, 128 Me., 346, 147 A., 423.

The failure of the plaintiff to sustain the burden of establishing his own due care at the time of the collision defeats his right to recover in this action and the verdict returned must be set aside.

*Motion sustained.*
*New trial granted.*