REAL SAVOY
*vs.*
CHARLES L. BUTLER

York.   Opinion, June 3, 1953.

*Paul LeSieur*, for plaintiff.

*Lausier & Donahue,*
*Simon Spill,*
*Armstrong, Marshall & Melnick,* for defendant.

8

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

WILLIAMSON, J. In this tort action the plaintiff employee was struck by a tree felled by the defendant employer. Two issues are presented by the defendant's motion for a new trial: (1) contributory negligence of the plaintiff, and (2) damages. The defendant in argument agrees that the evidence warrants a finding of negligence on his part.

It will serve no useful purpose to review the record in detail. The evidence we must consider in the light most favorable to the plaintiff. In brief, the plaintiff and defendant on a clear winter day were engaged in cutting wood. The plaintiff was "scarfing" or "notching" trees before the defendant cut them down with a power saw. After a rest for a cigarette the defendant instructed the plaintiff to measure the logs in a given area. While the plaintiff was engaged in this task, the defendant without warning and at a distance of twenty feet to twenty-five feet cut down the tree which in falling struck and injured the plaintiff.

The plaintiff knew that the defendant was engaged in cutting trees in the immediate neighborhood. Obviously he did not keep watch of the defendant for he did not see the tree fall. He relied upon a warning from the defendant and in this reliance he was, in our view, justified. He was working at the time and place under the instructions of the defendant. We see no reason why a jury could not properly find, as they did, that in the exercise of due care the plaintiff could rely upon defendant giving warning of impending danger created by defendant's action.

The case plainly presented a question of fact for the jury. Was the plaintiff a reasonably prudent man under the circumstances? We cannot say as a matter of law that a woodsman ordered to measure logs by his employer may

not rely upon warning from his employer engaged in felling trees in the immediate neighborhood. See *Rhoades* v. *Varney*, 91 Me. 222, 39 A. 552; *LeBlanc* v. *Sturgis*, 128 Me. 374, 147 A. 701; *Jenkins* v. *Banks*, 147 Me. 438, 92 A. (2nd) 323.

The jury returned a verdict of $2900. The plaintiff received a fracture of three transverse processes of the spine, and suffered severe pain. The medical bills were $273.90, and there was a loss of wages from $250 to $300. The jury measured the pain and suffering at approximately $2400.

The verdict, while large, does not indicate to our minds the operation of bias, prejudice, or any other improper influence upon the finders of fact. The defendant has failed to show that the judgment of the jury was not fairly reached.

*Motion overruled.*