GEORGE W. DIETZ
*vs.*
FORREST MORRIS

Lincoln. Opinion, June 9, 1953.

*John A. Wilson,*
*Ralph A. Gallagher,* for plaintiff.

*William B. Mahoney,*
*James R. Desmond,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

THAXTER, J.   This is an action based on the defendant's negligence in parking his truck in the night time on No. 1 highway in the town of Warren.  Taking the evidence as we must most favorably for the plaintiff, as we recently said in the case of *Savoy* v. *Butler,* 149 Me. 7 (1953), it appears that the defendant's truck was driven by his agent and employee, who left it parked in the night time on said highway facing westerly, without lights or flares as required by statute.  The defendant concedes that so far as his own negligence is concerned there was sufficient evidence to go to the jury.  While the truck was so left on said highway, the plaintiff collided with it while approaching it from the rear travelling in a general westerly or south-westerly direction.  The action is for personal injuries and damages to the plaintiff's automobile.  The plaintiff had been travelling at a speed of forty or forty-five miles an hour as he approached the defendant's truck.

The defendant pleaded the general issue.  The burden was thereby placed on the plaintiff to establish his own due care.  At the conclusion of all the evidence the defendant, claiming that the plaintiff had failed to establish such due care, asked for a directed verdict which the presiding justice granted on the authority of *Spang* v. *Cote,* 144 Me. 338, 68 A. (2nd) 823.  The case is before us on an exception to this ruling.

The black top or travelled part of the road was 22 feet in width with hard shoulders on each side of approximately

two and one-half feet. The night was clear and the road dry. The plaintiff was coming out of a wide curve from the east; the defendant's car was parked about 270 feet ahead of him as he emerged on the straightaway. How far he could see from the curve down the straightaway does not clearly appear; but it must have been more than 100 yards. No sudden emergency could have been created as he came out of the curve. The left-hand wheels of the defendant's truck were resting about eight feet on the travelled part of the highway. In spite of these seemingly favorable conditions he did not see the parked truck on his side of the highway in front of him until he was within 30 or 40 feet of it. He then jammed on his brakes and veered to the left, too late to avoid the collision. He lays his failure to avoid the accident to the lights of an oncoming trailer truck. There is nothing else to explain his failure to see the parked truck farther away, and it is doubtful how much those lights of the oncoming truck, even though dimmed, contributed to the collision, for he saw them, as he admits, 1000 feet away. There is no doubt that he either did not see what was plainly visible right in front of him, or that he rushed into a place where his vision was obscured so that he could not stop within the distance illumined by his own headlights. *Spang* v. *Cote, supra,* p. 243. In either case he was contributorily negligent as a matter of law and his recovery is barred. We are unable to see any distinction between this case and the case of *Spang* v. *Cote, supra.* The verdict for the defendant was properly directed.

*Exceptions overruled.*