Azalia H. SCAMMON, Plaintiff,

v.

CITY OF SACO, Defendant.

Christopher KEENS, Plaintiff,

v.

CITY OF SACO, Defendant,

v.

Azalia H. SCAMMON, Third-Party Defendant.

Supreme Judicial Court of Maine.

Oct. 21, 1968.

Charles W. Smith, Saco, Woodman, Thompson, Willard & Hewes, by Richard D. Hewes, Portland, for plaintiffs.

Verrill, Dana, Philbrick, Whitehouse & Putnam, by John A. Mitchell, John W. Philbrick, Portland, for defendants.

Before WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

■ These actions result from injuries received by the plaintiffs when the automobile driven by the plaintiff Mrs. Scammon, in which the plaintiff Mr. Keens was a passenger, collided with a large power shovel owned by the defendant City. After trial, the jury returned verdicts for both plaintiffs. The cases come here on denials of defendant's motions for judgments notwithstanding the verdicts and, in the alternative, for new trials. In determining these issues we are governed by the rule that the evidence with all proper inferences drawn from it is to be taken in the light most favorable to the plaintiffs. Tibbetts v. Central Maine Power Company, 142 Me. 190, 49 A.2d 65 (1946).

The jury could properly have found as follows: At about nine o'clock in the evening of April 22, 1965, the two plaintiffs were proceeding along Bradley Street in Saco approaching the intersection of Maple Street. It was dark at the time and the weather was clear. Maple Street is eighteen feet six inches wide and somewhat rough. In the area in question, on Mrs. Scammon's right side of Maple Street, there was a very narrow gravel shoulder adjoining the paved portion and beyond that a grassy area, and then a bare strip used by the public as a footpath. On the afternoon before, employees of the defendant had brought a large power shovel to this area for the purpose of using it in the vicinity the following morning. The power shovel had been left standing largely on the shoulder and grassy area facing the plaintiffs but with its right track occupying ten inches of the paved edge of the highway. It was unlighted and bore no reflectors and there were no warning signs or devices.

Mrs. Scammon made a right-hand turn into Maple Street and both plaintiffs observed two cars approaching them down a slight grade. Mrs. Scammon's lights were on low beam and she was traveling at about twenty miles an hour on her right-hand side of the street as she passed the two cars. She continued on a straight course and a short time later, described by the witnesses as "a few seconds", "a matter of seconds" and "two or three seconds", Mrs. Scammon's car ran head-on into the shovel, her right headlight, or just inside it, striking the right track of the shovel. The over-all width of the shovel was eight feet and it was approximately the same height and depth and painted orange. It sat 420 feet from the intersection of Bradley and Maple Streets. Its boom and bucket, painted black, appear from the exhibits to be about 40 to 50 feet long and were extended along the shoulder of Maple Street in the direction that the plaintiffs had come with the bucket resting on the ground. Neither plaintiff saw either the shovel or its boom and bucket until the car had collided with the shovel. Although Mrs. Scammon's lights were on low beam they were described by her as good lights and neither she nor the other plaintiff gave any explanation for their failure to see the shovel.

■ The incident occurred before the effective date of our Comparative Negligence Statute and each plaintiff, then, was not only required to prove negligence of the defendant which was a proximate cause of his injury but also his own freedom from any negligence which contributed to his injury.

■ The duty of the driver of an automobile to exercise care to avoid colliding with objects in the highway has been stated by this Court on many occasions. It is the duty of a driver to stop his car when for any reason he cannot see where he is going. Day v. Cunningham, 125 Me. 328, 133 A. 855, 47 A.L.R. 1229 (1926); Haskell v. Herbert, 142 Me. 133, 48 A.2d 637 (1946). The operator must drive at such a speed that he can bring his car to a stop within the distance illuminated by his headlights. Baker v. McGary Transportation Co., Inc., 140 Me. 190, 36 A.2d 6 (1944). He is bound to use his eyes and to see seasonably that which is open and apparent. Callahan v. Amos D. Bridges Sons, Inc., 128 Me. 346, 147 A. 423 (1929). Mrs. Scammon had the duty to "establish" that she was exercising due care. Spang v. Cote, 144 Me. 338, 68 A.2d 823 (1949). We are forced to conclude that as a matter of law she has failed to do this.

■ The evidence shows no situation of emergency which may have occupied Mrs. Scammon's attention and prevented her from seeing the shovel in time to avoid striking it. It discloses no effort by her to avoid collision which failed through no lack of care on her part. She never saw the shovel at all prior to striking it, or the large boom and basket which she passed along side before hitting the shovel. The testimony does not disclose whether or not she drove out upon the shoulder in passing the second car. She says she drove straight on from that point. An eye witness testified that she veered to the right. In either case, the conclusion is inescapable that if she had been giving due attention to the road ahead she would have seen the shovel in time to have avoided striking it. Baker v. McGary Transportation Co., Inc., supra. The fact that the shovel occupied only a small portion of her lane does not distinguish this case from Spang v. Cote. The testimony and exhibits demonstrate without question that the shovel was directly in her path and that she drove straight into it. There can be no doubt but that she failed to see what was plainly visible directly in front of her. Her lack of attention is negligence as a matter of law and bars her recovery. Dietz v. Morris, 149 Me. 9, 98 A.2d 537 (1953).

■ Mr. Keens was a passenger. The guest passenger has the duty to exercise that degree of care for his own safety which the passenger of reasonable prudence would exercise under the circumstances. It appears clear that this would not under all circumstances require the constant vigilance which the law expects from the operator of a motor vehicle. He is not required to assume control of the automobile but if dangers were known or should reasonably have been manifested to him and he has a proper opportunity to influence the situation for safety he cannot sit by and permit himself to be driven to his injury without being chargeable with negligence. Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. 1017 (1930); Wells v. Sears, 136 Me. 160, 4 A.2d 680 (1939); Irish v. Clark, 149 Me. 152, 99 A.2d 290 (1953). Here we feel the evidence presented a jury issue on the question of whether the circumstances prevailing required such attention on Mr. Keens' part to the condition of the highway ahead as would have resulted in his noticing the shovel in time for his warning to have enabled the driver to avoid the danger.

Defendant's alternative motions for new trials are based upon the refusal of the Presiding Justice to amplify his instruction concerning the requirement that standing vehicles on a way shall be lighted. The Justice had read to the jury the applicable portions of 29 M.R.S.A. Section 1071 which requires "every vehicle, whether stationary or in motion, on any way or bridge" to have attached to it a light or lights during the hours of darkness or other periods of insufficient visibility, and had explained the principle of the rebuttable presumption of negligence which follows proof of violation of a motor vehicle law.

At the end of the instruction counsel for the defendant requested that the Justice

limit for the jury the use of the word "way" in Section 1071 to mean "travelled portion of a way". The Justice refused the request, ruling that a request for an instruction must come not later than at the close of the evidence (M.R.C.P. Rule 51(b)) and noted counsel's objections to the charge as given.

We do not find it necessary to reach the issue presented by defendant's requested instruction.

The status of the evidence had left uncertain the exact position of the shovel relative to the edge of the tarred portion of the way. Police Officer Nason, who investigated the accident, testified that the shovel's right tread was off the tarred portion and on the dirt shoulder. Mr. Crowley, the Street Commissioner, said the truck was one to two feet off the pavement of the road. Mr. Townsend, the operator, said it was off the pavement a distance of two feet. Officer Desper testified that the right track was occupying about ten inches of the pavement. The next day, after revisiting the scene, he returned to the stand to say that he believed he had been in error and that his best recollection now was that the right track was in the sand adacent to the paved portion. The photographs of the scene which are in evidence show the right track of the shovel to be resting either on the edge of the tarred surface or on the gravel very close to the tar.

█ We do not know whether the jury found the shovel to have been on or off the traveled portion or whether its finding of negligence on defendant's part was or was not based upon an application of the statute. However, this does not affect the jury's verdict in favor of Mr. Keens. Regardless of the statute, the act of leaving an unlighted vehicle standing near the traveled portion of a way may in some cases be negligent conduct.

█ Here the way itself was narrow and the line between the tar and the narrow gravel shoulder was indistinct. The operator of the shovel left it in its unfortunate location as a matter of the defendant's convenience and not because of the requirements of any emergency. In our opinion to leave such a vehicle standing unnecessarily in the nighttime either on or so close beside the tarred surface of such a narrow way, unlighted, without reflectors or any warning signs, is negligence as a matter of law, and its causal relation to the accident and injuries is clear.

The defendant had also instituted a third-party complaint against Mrs. Scammon, contending that her negligent operation of her automobile was a causal factor in the collision and that it is entitled to contribution from her toward any award for damages which Mr. Keens might receive against it. M.R.C.P. Rule 14. The defendant's (third-party plaintiff's) motion for judgment N.O.V. in Mr. Keens' case asks for the judgment for contribution that the jury verdict denied it.

We have found that Mrs. Scammon was negligent as a matter of law. Her negligence combined with that of the City to produce the injuries suffered by Mr. Keens.

█ The principle of contribution among negligent tort-feasors was accepted by this Court in Hobbs v. Hurley, 117 Me. 449, 104 A. 815 (1918) and Bedell v. Reagan, 159 Me. 292, 192 A.2d 24 (1963). Applying this rule we conclude that the third-party plaintiff is entitled to contribution from the third-party defendant toward the jury verdict of $22,500.00 which Mr. Keens received against the third-party plaintiff. The common liability arises from the concurring active torts of two people—Mrs. Scammon and the operator of the crane, a City employee, from whom the City's derivative liability arose. Therefore the measure of the third-party plaintiff's recovery from the third-party defendant is fifty percent of the verdict which Mr. Keens received. Hobbs v. Hurley, supra; Coit v. Tracy, 9 Conn. 15 (1831); Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086 (1932); Warner v. Capitol Transit Company, D.C., 162 F.Supp. 253 (1958); Martindale v. Griffin,

233 App.Div. 510, 253 N.Y.S. 578 (1931), affd. 259 N.Y. 530, 182 N.E. 167 (1932) ; 18 Am.Jur.2d Contribution, Sec. 56.

The entries will be:

Judgment N.O.V. for the defendant against the plaintiff, Mrs. Scammon.

Motions for judgment N.O.V. and for new trial by defendant against the plaintiff, Mr. Keens, dismissed.

Judgment N.O.V. for the third-party plaintiff, the City of Saco, in the amount of $11,250.00, together with interest on this sum from date of judgment in the Superior Court, for contribution against the third-party defendant, Mrs. Scammon.

DUFRESNE, J., did not sit.

WILLIAMSON, C. J., did not sit.