Timothy TUFTS et al.

v.

Mary HATCH and Dale Fleming.

Mary Barkowsky SCOTT et al.

v.

Mary Downs HATCH and Dale Fleming.

Supreme Judicial Court of Maine.

Jan. 7, 1969.

J. Peter Thompson, Lewiston, Albert H. Winchell, Jr., Bangor, for plaintiff.

Mitchell & Ballou, Bangor, for Fleming, by John W. Ballou, Bangor.

Lewis V. Vafiades, Bangor, for Hatch.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE, WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal by the defendant Dale Fleming.

Dale Fleming was the operator of an automobile which was in collision with one driven by Mary Downs Hatch. Both drivers were injured as was the passenger in each car.

Fleming's passenger, Tufts, brought a complaint for his injuries based on negligence against both Fleming and Mrs. Hatch. Mrs. Hatch's passenger, Mrs. Scott, brought a similar action against both drivers. In addition, Fleming also sued Mrs. Hatch. The three actions were consolidated and tried together. The accident occurred since the effective date of our Comparative Negligence Law. P.L.1965, Chap. 424. The jury returned special verdicts with interrogatories in favor of each plaintiff passenger in his action against the two drivers. In Fleming's action against Mrs. Hatch the jury's answer to interrogatories reported that the jury found that Mrs. Hatch was guilty of 85% causal negligence and that Fleming was guilty of 15% causal negligence. The Presiding Justice ordered judgments entered in accordance with the jury verdicts.

Only the two actions of the passengers against the two drivers are here on appeal.

During the course of the trial defendant Fleming made a timely request in writing that the Presiding Justice should instruct the jury that if, in the cases of the two passengers against Fleming and Mrs. Hatch, the jury finds that both co-defendants were negligent, and that their combined negligence proximately caused the plaintiffs' injuries, the jury should then indicate the percentage of causal negligence attributable to each co-defendant. No cross-claim for contribution had been brought by either defendant Fleming or defendant Mrs. Hatch. The Justice refused this request. The sole issue raised by this appeal is whether this refusal was error.

The defendant Fleming asks this Court to utilize this case as a vehicle with which to establish judicially the principle of proportionate contribution among co-defendants whose negligence has combined to injure a plaintiff. He suggests to us that

such a change would be a logical and seasonable extension of the principle of comparative fault recently adopted in our Comparative Negligence Law.

The rule presently accepted in this jurisdiction is that contribution between two such co-defendants shall be based upon an equal division of the judgment against them. Scammon v. City of Saco, Me., 247 A.2d 108 (1968).

We do not reach the point of comparing the value of the present rule of equal sharing of responsibility with that of proportionate division of obligation by co-defendants based upon their relative degrees of fault, or of determining the appropriateness of consideration of such a change being made through judicial rather than legislative procedures.

The issue before us is whether it was error for the Presiding Justice to have refused to submit to the jury the determination of the proportionate responsibility of the two defendants in the suits against them by the two passengers. We must examine his decision in the posture in which defendant Fleming's request for the instruction was made.

The submission to the jury of the proportionate fault of the defendants would have added an entirely new issue to the two actions—an issue in which the plaintiffs had no interest and which the Justice could properly have concluded should not be permitted to complicate their cases. There was no cross-claim for contribution. The issue which the Justice was asked to propound to the jury was moot. 5 Am.Jur.2d, Appeal and Error, Sec. 762; 1 C.J.S. Actions § 17c. No findings of proportion of fault by the jury could have been made part of judgments in the absence of amendments to the pleadings, which were not requested. The only value that such findings could have had would have been their gratuitous indication of this present jury's evaluation of the defendants' fault. This could have added *nothing to the jury's* findings as to their comparative negligence already made in the action of Fleming against Mrs. Hatch.

We find no error in the Justice's refusal to submit these issues to the jury.

Appeal denied.

MARDEN, J., did not sit.