**UNITED STATES of America, Appellant,**

v.

**Julia JASPER, an infant who sues by Bertha Jasper, her mother, as next friend, Appellee.**

**No. 6958.**

United States Court of Appeals Fourth Circuit.

Argued April 14, 1955.

Decided May 6, 1955.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Joseph S. Bambacus, Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by the United States from a judgment of the United States

District Court for the Eastern District of Virginia holding the United States liable under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., for personal injuries suffered by Julia Jasper.

The facts of the case are relatively simple. Shortly after midnight on March 2, 1952, two military policemen, under the command of Sergeant A. J. Clarke, placed under arrest a drunken soldier they had observed violating the law in Richmond, Virginia. While the policemen were attempting to subdue their prisoner, who was resisting arrest, a crowd estimated at approximately two hundred persons gathered. The crowd was openly hostile to the policemen; one civilian drew a knife and threatened to release the soldier from custody, saying he was going to "cut" the policemen.

In an effort to subdue the mob, Sergeant Clarke drew his pistol and fired five shots downward in front of the crowd. One of the bullets ricocheted off the pavement in front of the sergeant and hit Julia Jasper, an innocent by-stander across the street from the crowd. The present suit was brought by Julia Jasper, an infant, who sued by Bertha Jasper, her mother, as next friend, to recover for injury to her leg, caused by this bullet.

The lower court, sitting without a jury, held that Sergeant Clarke's firing of his pistol at the pavement was a negligent act and entered judgment for Julia Jasper in the sum of $800.00. The United States has appealed to us and presented two questions: (1) was Sergeant Clarke guilty of an assault on the crowd which would preserve the United States' immunity from suit, under 28 U.S.C. § 2680; and (2) was the District Court's finding of negligence correct. Since we feel that the lower court erred in finding negligence, the case must be reversed, and we need not consider the first question raised.

From an early date the courts have recognized that acts performed un-der the stress of an emergency are to be judged for negligence with a different measure from that used in weighing acts performed under normal conditions. Such acts are not judged solely on the basis of their reasonableness in an abstract sense. Rather, proof of negligence under the "sudden emergency" doctrine must be such that it cannot be said that a reasonable man *under the same conditions* might have acted in the same manner. See Horton Motor Lines v. Currie, 4 Cir., 92 F.2d 164; Wabash Ry. Co. v. Walczak, 6 Cir., 49 F.2d 763. As Mr. Justice Holmes pointed out in Brown v. United States, 256 U.S. 335, 343, 41 S.Ct. 501, 502, 65 L.Ed. 961, "* * * Detached reflection cannot be demanded in the presence of an uplifted knife." This principle is well established in the law of Virginia, which controls this question here. See Jones v. Hanbury, 158 Va. 842, 164 S.E. 545; Otey v. Blessing, 170 Va. 542, 197 S.E. 409.

The lower court held that Sergeant Clarke was negligent in firing his pistol at the pavement rather than into the air. Under the circumstances of the case, we feel that this finding is error. The record shows that an angry mob, composed mostly of men, had crowded around Sergeant Clarke, one of his subordinates and the prisoner, making such remarks as "Let's take him." A civilian in the crowd, displaying a knife, threatened to cut the policeman. Faced with these conditions, we do not feel that Sergeant Clarke was negligent in firing into the pavement. No time existed for meditation upon the relative merits of firing up or down. We cannot say that a reasonable man under such circumstances would not have acted as did Sergeant Clarke. In this situation, faced by an angry mob, the actions of Sergeant Clarke were not negligent.

For the reasons stated above, the decision of the District Court is reversed and the case is remanded to that court with instructions to dismiss the instant civil action.

Reversed.