# Richmond

MILDRED FRANCES FINCH v. ALFRED McRAE.

March 7, 1966.

Record No. 6121.

Present, All the Justices.

*J. Frank Shepherd (Richard S. Miller,* on brief), for the plaintiff in error.

*Henry M. Sackett, Jr. (Williams, Robertson & Sackett,* on brief), for the defendant in error.

GORDON, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries sustained in an automobile accident. The jury returned a $2,500 verdict for the plaintiff, Mildred Frances Finch. The trial judge set aside the verdict and entered judgment for the defendant, Alfred McRae. The question is whether we should affirm or should enter judgment for the plaintiff on the verdict.

The accident happened October 25, 1962, at approximately 7:10 a.m., on Route 682 near McRae's home, about 20 miles south of Lynchburg. It was daylight at the time of the accident, and the road was dry. Route 682 is a blacktop secondary highway. In the vicinity of the accident, it is 16 feet wide, with no center line, and banks on each side of the highway are immediately adjacent to the hard surface. A driveway leading from McRae's home on the east side of Route 682 intersects the highway at the crest of a hill, south of the scene of the accident.

On the morning of the accident McRae, who intended to drive to Lynchburg with his wife and daughter, could not start the motor of his automobile, which was parked in his driveway. With his family's assistance, he pushed the automobile along the driveway toward Route 682. Just before it reached the intersection, his wife and daughter entered the automobile and sat in the front seat. McRae and his son continued to push the automobile until its front wheels were on the highway. Then McRae entered the automobile on the driver's side and closed the door, and the son continued to push the automobile onto the highway. McRae turned to the right and coasted down the highway, hoping to start the motor by engaging the gears

after the automobile had attained sufficient speed. The accident happened after McRae had coasted approximately 130 feet down the hill, without success in starting the motor.

The plaintiff (Mildred Frances Finch), who lived on Route 682 south of the defendant's home, left home on the same morning to travel to her place of employment in Lynchburg. She said that while driving up the hill south of the entrance into McRae's driveway, she could not see McRae's automobile. MacRae's son, who was standing on the edge of the highway at the top of the hill, waved at her as he had done on previous mornings, but he did not give any signal to warn her to slow down or to indicate she was "approaching danger". The plaintiff was driving 40 miles per hour; the speed limit was 55 miles per hour.

The plaintiff said she saw McRae's automobile "as . . . [she] came to the top of the hill"—"I saw it when I first could see it". McRae's automobile was "either stopped or slowly moving". "[I]t was sitting in the middle of the road with the [left] door open", and "[h]e [McRae] was standing with one foot in the car and looked back as I came to the top of the hill".

The plaintiff immediately "put on brakes and swerved to the left to miss him". Her automobile traveled 120 feet before striking the bank on the left side of the highway. Skid marks observed by a state trooper began "right on top of this hillcrest" and continued down the hill 120 feet to the place where her automobile left the highway and struck the bank.

After striking the bank, the plaintiff's automobile turned over and collided with McRae's automobile, damaging only his left rear tail-light and scraping the left rear fender and rear bumper. From the physical evidence, the trooper estimated that after striking the bank her automobile traveled about 10 feet before colliding with McRae's automobile. The distance from the crest of the hill to the point of collision, according to the trooper's measurement, was 130 feet.

The trooper testified that when he stood in the highway after the accident at a point 65 feet south of the hillcrest, or 195 feet south of the point of collision, he could see the plaintiff's overturned automobile; but that if he took one step back, "the hillcrest would knock it out of your sight".

Because the jury returned a verdict for the plaintiff, we have stated the evidence, insofar as it is conflicting, in the light most favorable to her.

The gravamen of the plaintiff's complaint was that McRae's negligence in blocking the highway caused her to strike the bank in her effort to avoid striking his automobile. McRae countered with the allegations that he was not negligent, and the plaintiff's negligence was the sole cause, or a contributing effective cause, of the accident. The jury agreed with the plaintiff.

The plaintiff's assignment of error relates only to the court's action in setting aside the verdict, and McRae did not assign cross-error. The issues, then, are whether there was sufficient evidence to support the findings that McRae was guilty of negligence proximately causing the accident and that the plaintiff was not guilty of negligence proximately contributing to cause the accident.

The plaintiff contends that McRae was guilty of negligence as a matter of law, in that he violated Code § 46.1-200 (Va. Code Ann. § 46.1-200 (Repl. vol. 1958)), which proscribes coasting upon highways with the gears in neutral. We need not decide whether that statute is applicable in this case. Whether or not the statute is applicable, McRae had the duty of exercising care commensurate with the known or foreseeable dangers incident to his actions. See *Miller* v. *Query*, 201 Va. 193, 198, 110 S.E.2d 198, 202 (1959), where a disabled vehicle was being pushed by another vehicle.

In considering McRae's duty and the dangers incident to his actions, we should bear in mind that Route 682 in the vicinity of the accident is only 16 feet wide, with no shoulder, and, according to the plaintiff's evidence, McRae's automobile was in the middle of the road with the left door open. Moreover, the plaintiff said that McRae's automobile, which admittedly had no motive power, was "sitting" on the highway, "either stopped or slowly moving"; if the vehicle was moving, her placement of one of McRae's feet on the highway and the other in the automobile necessarily implied very slow speed.

Reasonable men could conclude from this evidence, consistently with an instruction given by the trial judge, that McRae was guilty of negligence proximately causing the accident, in that his conduct involved danger to other persons using the highway. The specific danger to the plaintiff was striking McRae's automobile in the middle of the highway or, if she attempted to pass to the left, striking the bank on the side of the road.[1]

---

(1) In his brief, counsel for McRae contends "the fact, as the evidence discloses, that the defendant was traveling slowly and thus may have been impeding and rendering dangerous the use of the highway by the plaintiff would not establish negli-

■ McRae had the burden of proving contributory negligence barring the plaintiff's right to recover. *Minter* v. *Clements*, 206 Va. 403, 143 S.E.2d 847 (1965); *Unger* v. *Rackley*, 205 Va. 520, 138 S.E.2d 1 (1964). The principal charge of negligence was her failure to keep a proper lookout.

The plaintiff said she saw McRae's automobile as soon as possible. The skid marks show that she applied her brakes when she reached the crest of the hill or when she was approximately 130 feet from the point of collision. Making allowance for the reaction time between her seeing the other automobile and applying her brakes, the jury could have properly concluded that the plaintiff saw McRae's automobile before she reached the crest of the hill.

Understandably, the evidence does not show the exact point on the road where the plaintiff could have first seen McRae's automobile. The trooper testified that he could see the plaintiff's overturned vehicle when he stood on the highway at a point 195 feet away. But there is no evidence indicating that the trooper's line of vision, when standing in the road, was the same as the plaintiff's line of vision, when seated behind the wheel of her automobile. It is common knowledge that when a person looks over the brow of a hill, his line of vision depends on the height of his eyes. The jury, who had the opportunity to observe the trooper's height, may have reasonably concluded that McRae's automobile was first visible to the plaintiff after she had traveled a substantial number of feet past the point of the trooper's observation. In any event, the trooper's testimony did not establish that the plaintiff could have seen McRae's automobile when she was 195 feet away.

McRae did not prove that the plaintiff could have seen McRae's automobile before she actually saw it. The jury had ample basis for believing that the plaintiff was maintaining a proper lookout.

■ McRae contends also that the plaintiff had "the duty to operate her automobile within the limits of her vision". In effect, he asks us to hold as a matter of law that the plaintiff was driving at an excessive speed, though she was traveling 40 miles per hour in a 55 mile per hour zone, because she could not stop her automobile before

gence on the part of the defendant", because Virginia has no "so-called 'slow speed'" statute. However, a Virginia statute, in effect when the accident happened, provides "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." Va. Code Ann. § 46.1-193(g) (Repl. vol. 1958), now Va. Code Ann. § 46.1-193(2)(a) (Supp. 1964.)

striking his automobile. The law of Virginia imposes no duty, however, to drive an automobile at such speed that it can be stopped at all times within the range of the driver's vision. See *Twyman* v. *Adkins*, 168 Va. 456, 191 S.E. 615 (1937), holding there is no duty upon persons operating vehicles at night to drive at such speed as to permit them to stop within the range of their headlights. As said in that case, "[w]e are not disposed to hold that a traveler upon a highway must constantly expect his path to be blocked by obstructions placed in its center, or even on the edge of the highway in such manner as to impede reasonable travel" (168 Va. at 464-65, 191 S.E. at 618). See also *Crist* v. *Fitzgerald*, 189 Va. 109, 52 S.E.2d 145 (1949).

The jury was justified in concluding from the evidence that the plaintiff was maintaining a proper lookout and driving at a reasonable speed.

■ The only other charge made by McRae's counsel to support a holding of contributory negligence as a matter of law is that the plaintiff failed to keep her car under proper control. Apparently, this charge is based upon the fact that the plaintiff's car struck the bank on the left side of the highway. The plaintiff's position is that she was confronted with a sudden emergency upon seeing McRae's vehicle blocking the highway, and conducted herself as an ordinarily prudent person might have done in view of the emergency.

The trial judge gave a sudden emergency instruction in this case. As held in *Cowles* v. *Zahn*, 206 Va. 743, 146 S.E.2d 200 (1966), the jury should determine, where the evidence is conflicting or different inferences may be drawn from the evidence, whether a driver was confronted with an emergency, not created by his own negligence, and whether the driver conducted himself as an ordinarily prudent person might have done under the same or similar circumstances. "One acting under the stress of an emergency is to be judged for negligence with a different measure from that used in weighing acts done under normal circumstances and conditions." *Berry* v. *Hamman*, 203 Va. 596, 598, 125 S.E.2d 851, 853 (1962).

Since, as already pointed out, the jury was justified in believing that the plaintiff was maintaining a proper lookout and driving at a reasonable speed when she saw McRae's automobile blocking the highway, the jury could have properly concluded that the plaintiff was confronted with an emergency not created by her own negligence. When confronted with this emergency, the plaintiff had the

choice of continuing on the highway, with apparent risk of striking McRae's automobile and injuring McRae and his wife and daughter, or of swerving to the left in an attempt to avoid a collision with his automobile. The issue was whether the plaintiff might have reasonably believed, when confronted with the emergency, that she should take the course of swerving to the left. The jury has determined this issue in the plaintiff's favor. The jury was the proper forum for the determination of the issue, and a court should not substitute its judgment for the jury's judgment. *Hudgins* v. *Jones,* 205 Va. 495, 138 S.E.2d 16 (1964).

The judgment is reversed, and in accordance with the verdict of the jury final judgment is entered for Mildred Frances Finch against Alfred McRae in the principal amount of $2,500.

*Reversed and final judgment.*

BUCHANAN, J., dissenting.