## Richmond

WILLIAM DAVID BIGGS v. VIRGINIA RIVERS MARTIN.

March 9, 1970.

Record No. 7109.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*William F. Stone* (*David B. Worthy; Stone, Joyce & Worthy*, on brief), for plaintiff in error.

*Jackson L. Kiser* (*Young, Kiser, Frith & Haskins*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Under review is a judgment based upon a jury verdict in the sum of $8800 awarded plaintiff, Virginia Rivers Martin, against defendant, William David Biggs, for negligence. Plaintiff was a paying passenger in an automobile operated by Madeline Koger Shively which

was struck from the rear, while stopped, by an automobile operated by Biggs. Plaintiff brought this law action against Biggs and Mrs. Shively alleging that their concurring negligence proximately caused the accident in which she was injured.

At the conclusion of all the available evidence plaintiff moved to strike the evidence of defendant Biggs. This defendant countered with a motion for a mistrial because the investigating officer, who after testifying for plaintiff had been excused subject to recall by Biggs as a rebuttal witness, was unavailable.

To avoid a mistrial plaintiff moved for a voluntary non-suit of her action as to defendant Shively and this motion was granted. The lower court then denied Biggs' motion for a mistrial on the grounds that the investigating officer's rebuttal testimony could bear only upon defendant Shively's liability which was no longer in issue. Whereupon, the court, holding as a matter of law that Biggs was guilty of negligence which was a proximate cause of the accident, sustained plaintiff's motion to strike this defendant's evidence.

The action was submitted to the jury for the sole purpose of determining the amount of damages assessable against Biggs. The trial court entered final judgment on the verdict for plaintiff. We granted a writ of error to review the rulings of the lower court on the evidence and the motion for a mistrial.

The accident occurred on September 29, 1966 at approximately 6:20 A.M., D.S.T. on Route 687 about .9 mile south of its intersection with Old Route 57 west of Bassett. Route 687 was an unmarked blacktop road 18 feet wide running north and south on which the speed limit was 55 miles per hour. The point of collision was just south of a slight hillcrest. Except for a bush growing in a slight curve on the eastern edge of the road about 150 feet to the south there was an unobstructed view for three or four hundred yards.

Plaintiff was riding to work with her fellow-employee, Mrs. Shively, in the latter's 1963 Chevrolet. Mrs. Shively, proceeding north, stopped briefly at the scene of the accident to pick up another co-worker, Mrs. Dillon, who had walked from her driveway on the west side across the road in front of the car. While it was stopped the Shively car was struck from the rear by the Biggs 1960 Ford proceeding in the same direction.

There is hopeless conflict in the evidence which, in accordance with established principles, will be considered in the light most favorable to defendant Biggs.

Biggs testified that it was "extremely" foggy on the morning of the accident from the time he left home to drive his wife to work until the accident occurred. He pulled up behind the Shively car, which he recognized, and followed its lights as it approached and stopped at a stop sign near Old Center Church. This was a mile or mile and a half from the scene of the accident.

As brakes were applied to the Shively car Biggs observed that "all the lights went off, except the left tail light." When the brakes were released "the lights came back on . . ." and the vehicle moved ahead and disappeared from his view. When Biggs next saw it he was about "two car lengths, maybe more" from the Shively car which was in front of him "sitting in the right lane" with no lights on it. No part of the car was off the road. He applied his brakes and swerved to his left but his right front bumper and fender struck the left back bumper and fender of the Chevrolet.

Although he had not looked at his speedometer Biggs estimated that he had been maintaining a speed before the accident of 40 to 45 miles per hour. His lights were on low beam. He could see ahead "about two or three car lengths or more." He could not say whether the Shively car had any headlights on but it had no lights of any kind on the rear when he saw it just prior to the collision. If there had been any rear light burning he would have seen it in time to stop.

Mrs. Biggs corroborated her husband's testimony but she thought that they were able to see as much as four car lengths ahead in the fog.

State Trooper J. T. Francis, the investigating officer, testifying for plaintiff, described the place of collision. Facing north there was a slight curve to the right and just north of the point of impact was "a slight hillcrest . . . and a right curve again" for northbound vehicles. The road was dry. There was a dirt shoulder five or six inches wide on the east side dropping into a ditch with a three and a half foot bank.

The trooper found short skid marks five or six feet long "which led from the right northbound lane and all of a sudden swerved sharply towards the center of the road." The Shively car, damaged in its rear bumper, trunk and left quarter panel, had moved about 20 to 30 feet after the impact. Heavy damage to the right front of the engine, hood and grille of the Biggs car was observed.

Trooper Francis talked to Mrs. Shively upon his arrival at the scene about 7:00 A.M. She told him that "she had stopped in the road to pick up a passenger, as she always did . . . ." She did not say that her

right wheels were off the hard surface on the shoulder. When the trooper talked to Mr. Biggs later at the hospital he learned for the first time that there was a question about lights on the Shively car. Both Biggs and Mrs. Shively told the trooper that it was foggy.

According to Trooper Francis the shrubbery, which was 150 feet or more south of the point of impact, was a round bush three or four feet high and three or four feet wide. It could hide a car "only just momentarily." The road south of the bush was almost level and straight.

At the conclusion of his testimony Trooper Francis asked to be excused to keep an appointment for hospital tests. Counsel for Biggs agreed to release him only if he could be available the following day to be used to rebut testimony which it was anticipated would be given by defendant Shively. The trial judge suggested that "[i]f Trooper Francis doesn't get back and is admitted to the hospital, then we have no choice but to declare a mistrial" and it was so agreed by all counsel.

Plaintiff had alleged in her amended motion for judgment that defendant Shively negligently stopped her vehicle on the traveled portion of the road. In testifying, however, she stated that Mrs. Shively stopped with her right wheels off the hard surface on the dirt shoulder. She also testified that the fog had lifted by the time they reached Old Center Church, making it unnecessary to use lights although " . . . just about everybody had on lights." According to her there was no fog at the scene of the accident.

She had been riding to work with Mrs. Shively for about a year and they stopped regularly to pick up Mrs. Dillon across from her driveway. She had never complained to Mrs. Shively about her manner of driving or stopping and was still riding with her.

Defendant Shively testified that she stopped to pick up Mrs. Dillon with her right wheels on the right shoulder, that it had been foggy back down the road but "[i]t wasn't foggy down where you had to drive." She looked in her rear view mirror when she began to slow down and did not see anything behind her although she could see for a half a mile. "It wasn't foggy and wasn't completely dark." She estimated her speed at 40 to 45 miles per hour before she slowed down to stop for Mrs. Dillon.

Mrs. Dillon testified that there was some fog which did not obstruct visibility. She saw the signal light come on Mrs. Shively's car as it slowed down. She walked across the road in front of it and stood

in the dip or ditch on the east side waiting for the car to stop. She could get off the hard surface "a good two feet" without getting in the ditch. She never saw or heard the Biggs car before the impact. There was a driveway on the east side which Mrs. Shively could have driven into and space on the west side in front of a mail box where she could have pulled off the hard surface but Mrs. Shively always stopped for her on the road.

Mrs. Dillon's brother, William Deal, testified that the east shoulder was only four or five inches wide. He saw headlights on the approaching Shively car, but as his sister crossed in front of it he looked to the north. When he looked back to the south he saw the Biggs car lights and immediately afterwards saw the collision take place.

Biggs contends that he was entitled to have the jury decide whether he was guilty of negligence which was a proximate cause of plaintiff's injuries. We agree.

If Biggs was driving at 40 miles per hour in fog when he could see only two or three or more car lengths ahead a jury might find that he was negligent, that his negligence was a proximate cause of the accident and that plaintiff was not barred by contributory negligence. But we do not believe that this was the only finding which a jury could make.

■■ The standard of care required of Biggs was ordinary care under the facts and circumstances. While he had the duty to increase his diligence in operating his car in fog Biggs was not required to drive at such speed that he could stop within the range of his vision. *Finch v. McRae,* 206 Va. 917, 147 S. E. 2d 83 (1966) (hillcrest); *Yellow Cab Corp.* v. *Henderson,* 178 Va. 207, 16 S. E. 2d 389 (1941) (blinding lights); *Twyman* v. *Adkins,* 168 Va. 456, 191 S. E. 615 (1937) (fog).

Furthermore, a driver has a right to assume that no vehicle will be stopped in his lane of travel on a public highway. *Crist* v. *Fitzgerald,* 189 Va. 109, 52 S. E. 2d 145 (1949); *Twyman* v. *Adkins, supra.* Biggs knew that the Shively car had preceded him going north on Route 687 but there was no reason for him to have foreseen that it would stop in the road.

A jury might also conclude that Biggs could reasonably assume that its left tail light would again give him warning that the Shively car was slowing or stopping or had stopped ahead of him, as at Old Center Church, in time for him to avoid colliding with it.

A jury might believe that Mrs. Shively negligently stopped entirely on the hard surface in the right-hand lane of travel in dense fog with no rear light burning and that her negligence was the proximate cause of the accident. Such a finding would absolve Biggs from liability.

A jury might find that Biggs was negligent as to speed or look-out and that his negligence concurring with Mrs. Shively's negligence proximately caused the accident but that plaintiff was contributorily negligent in failing to complain to Mrs. Shively about stopping in the road. Such a finding would deny plaintiff any right of recovery.

Generally questions of negligence, contributory negligence and proximate cause are for jury determination. A finding as a matter of law that a party is negligent should be made only when reasonable men could reach but one conclusion from the evidence. *Canupp* v. *Wade*, 205 Va. 850, 854, 140 S. E. 2d 659, 662 (1965).

The evidence of defendant Biggs is not incredible nor could reasonably fair-minded men only conclude from it that he was guilty of negligence which was a proximate cause of the accident. Therefore, the lower court erred in not submitting all issues to the jury.

In view of our conclusion that Biggs is entitled to a new trial it becomes unnecessary to consider the lower court's refusal of Biggs' motion for a mistrial.

*Reversed and remanded.*