## CIRCUIT COURT OF CHESTERFIELD COUNTY

Thomas Somerville Co., Inc.

v.

World of Golf, Inc.

### May 4, 1992

### Case No. CH91–1116

BY JUDGE WILLIAM R. SHELTON

The parties, by counsel, came before the Court on April 24, 1992, for trial on the above-referenced matter. Upon the conclusion of the evidence, the parties submitted the matter to the Court for its ruling.

The defendant has argued that the plaintiff is barred from recovery by having assumed the risk of the damage or by being contributorily negligent. The defendant argued that the plaintiff had notice that golf balls were being hit onto its property prior to the construction of the plaintiff's warehouse. By disregarding the golf balls and erecting a building next to the defendant's driving range, the defendant argues that the plaintiff is barred from recovery. In *Arlington, Adm'r v. Graham, Adm'r*, 203 Va. 310 (1962), the Court noted that "where one voluntarily assumes the risk of injury from a known danger, he is barred from a recovery in negligence cases." *Arlington, Adm'r* at 314. Again, in *Berry v. Hamman*, 203 Va. 596 (1962), the Court stated that: .

> [w]hen one who fully appreciates the hazards of an under-taking voluntarily exposes himself to a known danger, he assumes the risk of resulting injury, and the party causing the injury is relieved of liability even though he may be negligent.

*Berry* at 599. The Court, however, finds that the defenses relied upon by the defendant are applicable in negligence suits and not a claim for damages arising from a trespass. The dispute at bar is a trespass

case in which the plaintiff has made no pleading to support a negligence cause of action. The Court therefore rules that the plaintiff is not barred by the doctrines of assumption of the risk or contributory negligence.

The defendant also argues that the plaintiff did nothing to minimize its damage and should therefore be denied recovery. In making this argument, the defendant has cited *Haywood v. Massie*, 188 Va. 176 (1948), where the Court stated that a person would have a duty to exercise reasonable diligence to avoid the damage which they claim results from a defendant's wrong. *Haywood* at 182. In the case at bar, the Court finds that the plaintiff did exercise reasonable diligence to avoid further damage to its property by requesting that the defendants take the appropriate measures to ensure that golf balls no longer be allowed to come onto the plaintiff's property.

Finally, the defendants argue that they are not liable for the damage to the plaintiff's property because no officer, director, employee or agent of World of Golf ever hit golf balls which struck the plaintiff's building or otherwise landed on the Somerville property. "Any person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who in any way or by any means continues or approves the same, is in law deemed to be an aider and abettor and is liable as principal." *Daingerfield v. Thompson*, 74 Va. (33 Gratt.) 136, 148 (1880). In the present case, World of Golf was in the business of operating a golf ball driving range. World of Golf rented golf balls and clubs to its patrons for the purpose of hitting the golf balls into the driving range area. The Court finds that the nature of the operation of such a business is sufficient to satisfy the encouraging or enticing its patrons to use the defendants' driving range to hit golf balls, some of which land on and cause damage to the plaintiff's property. The Court concludes that this is sufficient to justify finding the defendant liable for the damage caused by the golf balls entering into the plaintiff's property.

Based on the evidence presented at trial, the Court finds that the plaintiff has been damaged in the amount of $98,567.00. It is, therefore, the judgment of this Court that judgment should be entered in favor of Thomas Somerville Co., Inc., in the amount of $98,567.00.