**CITY OF ST. LOUIS ex rel. Harry FOREST, (Plaintiff) Appellant,**

**v.**

**Peter NICHOLAS, Jr., Bernard F. Dickmann, and United Pacific Insurance Company, a Corporation, (Defendants) Respondents.**

No. 31492.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1964.

Don L. Schlapprizzi, Gray & Jeans, St. Louis, for appellant.

Thomas J. Neenan, City Counselor, James J. Gallagher, Asso. City Counselor, St. Louis, for respondents.

James E. McDaniel, Herbert E. Barnard; McDonald, Barnard, Wright & Timm, St. Louis, for respondent United Pacific Ins. Co.

WOLFE, Judge.

This is an action brought to recover damages for personal injuries alleged to have

been sustained while the plaintiff was an inmate of the St. Louis city workhouse. The defendants moved to dismiss the petition for failure to state a cause of action, and their motion was sustained. Harry Forest, at whose relation the cause was brought, prosecutes this appeal.

The parts of the petition, as they relate to the question before us, are as follows:

"1. That defendant, Peter Nicholas, Jr., is and was at all times herein mentioned, Director of the Workhouse for the City of St. Louis, Missouri, located at 4200 South Broadway, and that, as such, he had immediate charge of the operation of said Workhouse and the procedures and practices followed there, and carried out his official duties pertaining thereto by and through various personnel and agents there under his direction and control.

"2. That defendant Bernard F. Dickmann, was in June, 1961, Director of Public Welfare for the City of St. Louis, Missouri, and that the aforesaid Workhouse was operated as a part of his department and under his control so that he had supervisory charge of the operation of said Workhouse and the practices and procedures followed there.

"3. That defendant, United Pacific Insurance Company, is a corporation organized and existing under and by virtue of law and that it is authorized to do business in the State of Missouri, and, as such, said Corporation is subject to the provisions of Section 375.-161, Revised Statutes of Missouri, 1959 [V.A.M.S.], providing for service of process upon the Superintendent of the Insurance Division of the State of Missouri.

"4. That the aforesaid defendant, United Pacific Insurance Company, was at all times herein mentioned bound by a bond which had been duly executed by said company and accepted by the City of St. Louis, Missouri, which provided, in part, a bond for said Bernard F. Dickmann, as Director of Public Welfare, and for said Peter Nicholas, Jr., as Director of the aforesaid City Workhouse, which bond was conditioned that the aforesaid defendants should honestly and faithfully discharge the duties of their offices, then the obligation of said bond should become void, otherwise to remain in full force and effect.

"5. That on or about the 17th day of June, 1961, relator was an inmate at the aforesaid City Workhouse, entitled to the reasonable protection and care of defendants, Peter Nicholas, Jr. and Bernard F. Dickmann, and that relator is a one-legged man using an artificial limb, and that this fact was known by the hereinafter mentioned City employee at said Workhouse, and that on said date, there was a rule or practice at said Workhouse requiring all inmates entering therein to take a shower there, and that on or about said date, relator was directed and required, over his protests, by an employee at said Workhouse in charge of relator there, acting within the scope of his employment as such employee and under the immediate control of defendant, Peter Nicholas, Jr., and acting as agent for said defendants, Peter Nicholas, Jr., and Bernard F. Dickmann, to enter said shower after he had removed his artificial limb and that as a direct result of being compelled to enter said shower, the floor of which was wet, slick and dangerous for a one-legged man, relator was caused to slip and fall heavily and to be injured as hereinafter more fully described, all as a direct and proximate result of the joint and concurrent negligence of the defendants, Peter Nicholas, Jr. and Bernard F. Dickmann, in the following respects, to wit:

"A. That said defendants, operating through their agent, as aforesaid, will-

fully, negligently and carelessly required relator to enter said shower though they knew, or in the exercise of ordinary care should have known, that the floor thereof was wet and slick and dangerous for a one-legged man and that relator would likely fall and be injured therein.

"B. That said defendants negligently and carelessly established or continued a rule, custom or practice there in said Workhouse of requiring all inmates entering therein to enter said shower, without exception, when they knew, or in the exercise of ordinary care should have known, that such a rule, custom or practice would be dangerous and unsafe for some inmates due to physical disabilities.

"C. That said defendants negligently and carelessly failed to properly instruct or oversee the operations of their agents at said Workhouse and that as a direct result thereof, the aforesaid agent of defendants ordered and required relator to enter said shower with the result as aforesaid.

"D. That said defendants negligently and carelessly failed to establish a rule, custom or practice there at said Workhouse providing that physically disabled persons for whom entering a shower would be hazardous, would not be required to enter the shower there.

"E. That said defendants negligently and carelessly failed to provide relator with reasonable care and protection there at said Workhouse, and that had they done so, he would not have been compelled to enter said shower, as aforesaid, and he would not have fallen and been injured."

The balance of the petition deals with the injuries Forest is alleged to have sustained and the alleged damages suffered by reason of the injuries. It concludes with a prayer for $15,000.

It is the contention of the appellant that the court erred in sustaining defendants'

motion to dismiss the petition for the reason that the establishment of the rule requiring inmates of the workhouse to take a shower and the enforcement of the rule are ministerial acts. He then contends that public officers are liable for the negligent performance of or neglect to perform a ministerial act. We are cited to State ex rel. Funk v. Turner, Mo.App., 17 S.W.2d 986, in which it is said: "It is well settled in Missouri that under the common law there is a right of action against a ministerial officer for the violation or neglect of his duties, by one injured in consequence thereof." That opinion, however, goes on to state that "an officer whose duties call for the exercise of discretionary power, is not liable unless in exercising the duties required of him he acts from a spirit of willfulness, corruption, and malice."

 It seems quite obvious that the establishment of rules and procedure requires the exercise of discretion, and that therefore the premise, that the defendants in setting up the rule and procedure were performing a ministerial act for which they are liable, cannot stand. If it could, we fail to see how promulgating the rule or procedure requiring showers to be taken could be construed to be negligent.

A case quite similar to the facts alleged herein is Ulrich v. City of St. Louis, 112 Mo. 138, 20 S.W. 466. That action was brought against the City of St. Louis and two "superintendents" of the city workhouse. The plaintiff alleged that as an inmate of the workhouse he was ordered to hitch up a team of mules of such vicious disposition as to be unfit for use. He was kicked and injured while so doing. A demurrer to the petition was sustained, and the court held (112 Mo. l. c. pp. 148 and 149, 20 S.W. l. c. p. 469):

"In this case the city of St. Louis was simply in the exercise of its public, governmental functions delegated to it by the state, from the time the first arrest was made until the injury occurred, in enforcing its ordinances en-

**550**

acted to preserve the peace, safety, and good order of society, and it is no more liable for the negligence of its officers in this respect, than the state would be liable for the negligence of its highest officers in the performance of the same class of duties."

The Supreme Court en banc affirmed the lower court in sustaining the demurrer filed by all of the defendants. The foregoing case was cited with approval in Hinds v. City of Hannibal, Mo., 212 S.W.2d 401. In Hinds v. City of Hannibal only the city was named as defendant, and in Ulrich v. City of St. Louis there was no discussion of the non-liability of the city employees named.

We are cited to cases involving negligence or willful acts of deputy sheriffs and marshals or constables. These do not present the same situation. The liability of such officers for the official acts of their deputies is not based upon the relation of master and servant or principal and agent, but upon the theory that the deputy is representative of the sheriff or officer for whom he is a deputy, and that his official acts are those of the officer. Humphrey v. Ownby, Mo.App., 104 S.W.2d 398.

■ It will be observed that the petition alleges that the person who directed the plaintiff to take the shower was an employee of the City of St. Louis. No relation of master and servant or principal and agent existed between the plaintiff and the defendants. It follows that the petition cannot be held to assert a cause of action on the theory of respondeat superior. As stated in McQuillin, Municipal Corporations, 3rd Edition, Volume 4, Section 12.226: "The doctrine of respondeat superior has no application as between a public officer and his subordinates, who are likewise in the public service, unless the officer does direct or countenance the tortious act to be done or co-operates therein."

■ The negligence alleged was in treating a one-legged person as a person of normal physique, and in this the defendants in no way directed, countenanced or engaged in the act. They are consequently not liable for the injuries that the plaintiff sustained. Klam v. Boehm, 72 Idaho 259, 240 P.2d 484; Somers v. Osterheld, 335 Mass. 24, 138 N.E.2d 370; Terrell v. Cockrell, Texas Civ.App., 286 S.W.2d 950. Since the individual defendants are not liable, there is of course no liability upon their surety.

The court properly sustained the defendant's motion to dismiss the plaintiff's petition, and the judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.