**Leon Preston HOLT, Plaintiff,**

v.

**J. D. BOWIE et al., Defendants.**

**Civ. A. No. 70–C–113–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Nov. 10, 1971.

Robert T. Winston, Jr., Norton, Va., and Frank Slaughter, Bristol, Va., for plaintiff.

William H. Woodward, George M. Warren, Jr., and Bradley Roberts, Bristol, Va., for all defendants except Franklin Groseclose.

Dick B. Rouse, Bristol, Va., for defendant Franklin L. Groseclose.

## OPINION and JUDGMENT

DALTON, District Judge.

This is a personal injury action in which the plaintiff, Leon Preston Holt, alleges liability against the various defendants for their alleged negligence. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C.A. § 1332.

The incident from which this action arose occurred on November 5, 1968, when the plaintiff was injured when he came in contact with an electrical line serving the building upon which he was working. The electrical line, which the plaintiff alleges was inadequately insulated and improperly placed, was installed by employees of the Utilities Board of the City of Bristol, Virginia. This board is a department of the City of Bristol authorized by city ordinance to manage the electric power and light system, the water system and the sewerage system of the city. Bristol City Code §§ 2–25 through 2–28. Under section 2–27 to the city code, the Board is authorized to construct, maintain and operate all facilities necessary to sell and distribute electrical power. The city does not operate its own electric power plant, but purchases the electricity from the Tennessee Valley Authority.

Defendants Bowie, Goodpasture, Perkins, Terry and Mellett are all members of the Utilities Board. Defendant Terry was also a member of the city council as required by section 2–25 of the city code, and defendants Goodpasture, Perkins, Bowie and Mellett are members appointed by the city manager and approved by the city council. All five members of the Board serve without compensation.

Defendant Billy A. Rutherford, is the executrix of the estate of W. E. Rutherford who at the time of the accident was Manager of the Utilities Board. Defendant S. D. Hale was Superintendent of the Utilities Department at the time of the accident. Edward G. Trivette, who was originally included as a defendant to this action by the plaintiff, but later withdrawn because of the lack of diversity of citizenship between him and the plaintiff, was Engineer for the Utilities Board at that time. Defendant Frank L. Groseclose was Building Inspector for the City of Bristol at the time of plaintiff's injury.

The accident in which the plaintiff was injured occurred while he was an employee of Burwell Construction Company which had a contract with the City of Bristol to construct a garage for the city bus system. The plaintiff was involved in the construction of the roof structure of the building when a steel rod which he was carrying struck the electrical line furnishing electricity to the construction site. The plaintiff contends that the negligent installation and placement of the line was the proximate cause of the accident in that the employees of the Utilities Board had failed to insulate the line, and that the line had not been placed at a sufficient height above the ground as prescribed by several national safety codes which had been adopted by the city.

The plaintiff contends that the five members of the Utilities Board are liable for the alleged negligence because they had the responsibility, direction and control of the installation of electrical connections. The plaintiff alleges that the liability of W. E. Rutherford, Manager of the Utilities Board, and S. D. Hale, Superintendent of the Utilities Department, is based on their responsibility, direction and control, subject to the overall direction of the Board, of locating, installing and maintaining certain electrical lines and connections, including the line servicing the building on which the plaintiff was working when injured.

Finally as to Franklin L. Groseclose, the Building Inspector, the plaintiff alleges negligence in that he was under a duty to inspect such electrical installations as may have been located, directed or controlled by others to see that they complied with the safety codes.

Defendants Bowie, Goodpasture, Perkins, Terry, Mellett, Rutherford and Hale have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The five members of the Utility Board contend that they did not participate in the location, design or construction of the electrical line in question, and that they had no knowledge of its construction prior to the date of the plaintiff's injury. They also contend that the doctrine of *respondeat superior* does not impose liability on them for the acts of subordinates *without their participation*.

Defendant Rutherford, executrix for her late husband, W. E. Rutherford, who was Manager of the Utilities Board, contends that the decedent had no personal knowledge of and did not participate in the design, location or construction of the power line in question, and that he is not liable for the negligence, if any, of subordinate employees.

Defendant Hale, Superintendent of the Utilities Department, contends that he did not participate in the design, location or construction of the line, that he had no knowledge thereof, and that the negligence of his subordinates, if any, is not imputable to him.

Defendant Groseclose has not joined with the other defendants on this motion for summary judgment.

■ The operation of an electric light and power utility by the City of Bristol through its Utilities Board constitutes a corporate or proprietary function rather than a governmental function of the municipality. Whitehead v. H & C Development Corp., 204 Va. 144, 150, 129 S.E.2d 691, 695 (1963); Hoggard v. City of Richmond, 172 Va. 145, 150, 200 S.E. 610, 612 (1939); 18 McQuillin, Municipal Corporations § 53.101 (Rev. 3d ed. 1963). As such the municipality is liable for acts of negligence of its officers and employees just as is a private individual or corporation. Fenon v. City of Norfolk, 203 Va. 551, 555, 125 S.E.2d 808, 811 (1962); Burson v. City of Bristol, 176 Va. 53, 65, 10 S.E.2d 541 545 (1940); Hoggard v. City of Richmond, supra, 172 Va. at 149, 200 S.E. at 612; City of Richmond v. Virginia Bonded Warehouse Corp., 148 Va. 60, 71 138 S.E. 503, 506 (1927); 12 McQuillin, Municipal Corporations § 53.101 (Rev. 3d ed. 1963); 13 Michie's Jurisprudence, Municipal Corporations § 110.

However, the plaintiff is not suing the City of Bristol. He apparently failed to file notice of his claim with the City within the sixty day period as prescribed by Section 8–653 of the Virginia Code. Instead, he has sued the above-named individuals personally, alleging negligence on their behalf.

■ The defendants are public officers and employees of the City of Bristol. The general rule is that a municipal officer is not liable to private suit for acts done in the honest performance of his corporate or governmental duties; that is, he is not liable in the exercise of his discretionary powers unless such liability is imposed by law, or he abused the discretion vested in him, or he acted corruptly, or beyond the scope of his authority. 4 McQuillin, Municipal Corporations § 12.208 (1968 rev. vol.). On the other hand, a municipal officer or employee may be personally liable for tortious ministerial acts. Berry v. Ham-

man, 203 Va. 596, 598, 125 S.E.2d 851, 853 (1962); Wynn v. Gandy, 170 Va. 590, 595, 197 S.E. 527, 529 (1938); 4 McQuillin, supra, § 12.211.

█ It appears to this court that the installation and connection of an electrical line would fall into the category of a ministerial act performed in relation to a proprietary function of the City of Bristol. As such, the defendants could conceivably be personally liable for the negligent performance of this act. However, an officer or employee is not liable for the consequences of an injury which he in no way caused, or with respect to which any breach of duty by him was only a remote cause. 4 McQuillin, supra, § 12.211. In order for the municipal officer to be held liable he must have participated in the negligent act; that is, he must actually direct, countenance or cooperate in the negligent act. Sawyer v. Corse, 17 Grat. (58 Va.) 230, 238 (1867); City of Richmond v. Long's Administrators, 17 Grat. (58 Va.) 375, 378 (1867); See also City of St. Louis ex rel Forest v. Nicholas, 374 S.W.2d 547, 550 (St.L.Ct.App.1964); Lowe v. Storozyszyn, 183 Okl. 471, 83 P.2d 170 (1938); 43 Am.Jur., Public Officers § 279; 4 McQuillin, supra, § 12.226.

█ The plaintiff, in his memorandum in opposition to the defendants' motion for summary judgment, contends that the doctrine of *respondeat superior* is applicable to public officers with regard to the acts of their subordinates. With this contention this court cannot agree. The doctrine of *respondeat superior* imposes liability upon an employer for the negligent acts of his employee committed within the scope of employment. The doctrine has no application as between public officers and their subordinates who are likewise in the public service. Sawyer v. Corse, supra, 17 Grat. (58 Va.) at 241; City of Richmond v. Long's Administrators, supra, 17 Grat. (58 Va.) at 378; See also City of St. Louis ex rel Forest v. Nicholas, supra; at 374 S.W.2d 550; Lowe v. Storozyszyn, supra; Gross v. Board of Water Commissioners, 68 N.H. 389, 44 A. 529

(1896); 43 Am.Jur., Public Officers § 281; 4 McQuillin, supra, § 12.226.

█ Therefore, the liability of the five members of the Utility Board, the Manager of the Utility Board, and the Superintendent of the Utility Department depends upon the determination of their individual participation in the alleged negligent act. Since it appears that the determination of participation is a question of fact which remains in dispute, summary judgment is not at this time proper on the grounds asserted above.

The defendants also contend, in support of their motion for summary judgment, that the plaintiff was, as a matter of law, guilty of contributory negligence. This court feels that there remains a genuine issue of fact as to the alleged contributory negligence, and therefore is of the opinion that summary judgment is inappropriate on this ground.

Finally, the defendants in their answer and in their motion for summary judgment contend that the provisions of the Workmen's Compensation Act bar a suit by the plaintiff. Specifically, they contend that the plaintiff's recovery of compensation from his employer, Burwell Construction Company, was his exclusive remedy under the provisions of the Code of Virginia. It appears to this court that the determination of the plaintiff's right to maintain a common-law action when he has received compensation under the Act is not a question to be considered on a motion for summary judgment; however, the determination of this issue is vital to the future of this litigation. This court feels that the record is insufficient at this point to make this determination.

In light of the reasons included herein, the defendants' motion of summary judgment is overruled. The parties are ordered to take within 30 days further depositions with respect to the question of the participation of the defendants in the alleged negligent act, and also as to the question of whether or not this action is precluded by the plaintiff's recovery under the Workmen's Compensation Act.