## CIRCUIT COURT OF ROCKINGHAM COUNTY

Floyd D. Smith

    v.

Town of Elkton

March 3, 1975

Case No. (Law) 5454

By JUDGE JOSHUA L. ROBINSON

The demurrer presents the question of whether a municipal corporation is immune from liability for negligence in the employment of an incompetent police officer or for negligence in failure properly to train its police force.

The doctrine of governmental immunity of Municipal Corporations[1] for torts committed in the performance of governmental functions[2] has been the law of Virginia at least since *City of Richmond* v. *Long's Adm'rs.,* 17 Gratt. (58 Va.) 375, 94 Am. Dec. 461 (1867),[3] and was reaffirmed as recently as 1973 in *Taylor* v. *Newport News,* 214 Va. 9 (1973).

Although some courts, after a re-examination[4] of the doctrine, have held that it must be discarded as a

---

[1] The possible personal liability of the negligent actor is not before the court. Compare Holt v. Bowie, 333 F. Supp. 843 (W.D. Va. 1971).

[2] The maintenance of a police force is a governmental function. Winchester v. Redmond, 93 Va. 711, 25 S.E. 1001 (1896).

[3] See Russel v. Men of Devon, 2 Term Rep. 667, 100 Eng. Rep. 359 (1788).

[4] Some of the significant articles on the subject are cited in Prosser and Wade, Cases and Materials on Torts (Fifth Ed. 1971) p. 1122.

rule of law,[5] this Court is not free to decline to follow the precedents of our Supreme Court.[6]

Although this state recognizes an exception to the doctrine of charitable immunity for the failure to exercise due care in the selection and retention of servants, *Hill* v. *Memorial Hospital*, 204 Va. 501, 505 (1963), no authority has been cited, and we find none, recognizing such an exception to municipal immunity in governmental functions. The authorities, in jurisdictions adhering to the immunity doctrine, are to the contrary.[7]

When changes in circumstances vitiate the underlying reason for a rule of immunity the (Supreme) Court may abrogate that rule. *Smith* v. *Kaufman*, 212 Va. 181, 186 (1971); *Surratt* v. *Thompson*, 212 Va. 191, 194 (1971).[8]

Although the common law does not require adherence to an outmoded concept of the relationship between husband and wife, *Surratt* v. *Thompson, supra* at 194, the precedents in this state require this Court to hold that there has been no such change in the relationship between a municipality and its citizens since *Russel* v. *Men of Devon, supra*, was decided in 1788, and the demurrer must be sustained.

---

[5] 57 Am. Jur. 2d Municipal, etc. Tort Liability Sec. 65, p. 74; e.g. Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957); Muskopf v. Corning Hospital District 359 P.2d 457 (Cal. 1961); Williams v. City of Detroit, 111 N.W.2d 1 (Mich. 1961); Ayala v. Philadelphia Board of Education, 305 A.2d 877 (1973); for a compilation of the cases abrogating the doctrine, see Restatement of Torts (Second) Sec. 895 at 12-20 (Tentative Draft, March 30, 1973).

[6] But see Cardozo, Ch. J., in Doyle v. Hofstader, 257 N.Y. 244, 268, 177 N.E. 489, 498; Frank, Courts on Trial, Chap. xix, pp. 262-288.

[7] Bryant v. Mullins, 347 F. Supp. 1282 (W.D. Va. 1972); 2 Harper and James, The Law of Torts, p. 1624, fn. 28; 57 Am. Jur. 2d, Municipal, etc., Tort Liability Sec. 249, p. 217; 63 C.J.S., Municipal Corporations, Sec. 775, p. 80.

[8] But see opinions concurring in part and dissenting in part of Cochran, J., 212 Va. at 188, 195, Harmon, J., supra at 190, 196.