Aguiar, J.
This appeal raises the issue of whether the evidence warrants the findings for the plaintiffs. We find there is no error.
This is an action in tort arising out of a fire which occurred at The Red Inn, 15 Commercial Street, Provincetown, Mass, (hereafter “the inn,”) in the early morning hours of October 2,1989. The inn was located in a building which was owned by the defendant Duane A Steele, Trustee of Tamerlane Realty Trust (hereafter “the Trust”). The building was leased to the defendant Tamerlane Corp. (hereafter “the Corporation”), a Massachusetts corporation, which operated the restaurant/ inn located therein. The individual defendants Duane A Steele and Mary Jo Avel-lar were intimately involved in the operations of the Trust and Tamerlane Corp.
The plaintiffs, who were guests at the inn at the time of the fire, claim that the defendants were negligent in that they failed to provide proper and safe means of egress. They further contend that, as a result of this negligence, it became necessary for them to leap from a second story window in order to escape the fire. The *8 plaintiffs each suffered physical injuries and emotional distress.
At the conclusion of the plaintiffs’ case, the defendants moved for a required finding and rested. (Dist./Mun. Cts. R. Civ R, Rule 41). The Court found for the plaintiffs against all defendants and awarded damages to the plaintiff Deborah J. Addis in the amount of $98,800.00 and to the plaintiff James E. Reed in the amount of $22,000. All defendants appealed.
There was evidence that the plaintiffs were not shown any exits when they registered as overnight guests and assigned to a second floor room, that there was a single staircase from the second floor to the first floor, that the nearest exit on the first floor was then through a dining room which led to a door, which in turn led to a lobby or reception area, at the other end of which was a door to the street, that the door leading from the dining room to the lobby or reception area was either locked or inoperable, that there were no lights or exit signs over the door which was intended to lead to the exit, that the exterior doors were locked, that there were no exits on the second floor other than the single staircase, that the only means of egress from the second floor was from windows on to a flat roof, that the roof was in disrepair, that the roof had no ladder or stairs leading from it to the ground, that all the windows on the second floor were not equipped with fire escapes or rope ladders, that the roof was directly over the portion of the building where the fire later erupted, that there was a 30 foot drop from the roof to a concrete seawall below, that no employees of the inn were on the premises when the fire broke out and that the plaintiffs were unable to see as a result of smoke, collided with tables and chairs, and could not escape from the first floor window. They retreated up the stairs to a window in the second floor hallway from which they jumped to an alley below where they suffered their injuries.
The test on a motion for directed verdict is whether the evidence, taken in the light most favorable to the appellees, without considering its weight or credibility, is adequate to support an inference imposing liability on the defendants. Sahagan v. Commonwealth, 25 Mass. App. Ct. 953, 518 N.E. 2d 888 (1988). If, upon any reasonable view of the evidence, there is found a combination of facts from which a rational inference may be drawn in favor of the appellees, the motion is properly denied. It is of no avail for the defendants to argue that there was some, or even much, evidence which would have warranted a contrary finding Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co. Inc., 381 Mass. 1, 407 N.E. 2d 319 (1980).
It is undisputed that Tamerlane Corp. was the operator of the inn. An innkeeper is under a duty to exercise reasonable or ordinary care for the safety of the plaintiffs under the circumstances. McFadden vs. Bancroft Hotel Corp., 313 Mass. 56, 59, 45 N.E.2d 573 (1943). More specifically, Tamerlane Corp. as lessee of the property was responsible for the safety of all persons in or occupying such premises with respect to the adequacy of means of egress therefrom. Commonwealth of Massachusetts State Building Code (hereafter Building Code) §604.1.
There is ample evidence that Tamerlane Corp. breached its duty to the plaintiffs and that its negligence caused harm. The absence of emergency lighting or direct, unobstructed exitway access is in violation of the Building Code. §§607.2, 624.1, 610.1 and 611.1.
Violations of statutes and regulations is evidence of a defendant’s negligence as to all of the consequences which the statutes or regulations were intended to prevent. Bennett v. Eagle Brook Country Store, Inc., 4038 Mass. 355, 557 N.E. 2d 1166 (1990).
The plaintiffs contend that the Trust as owner of the inn, is equally liable for their injuries because the provisions of the Building Code previously cited above, imposing a duty to provide adequate and safe means of egress, are equally applicable to the owner as well as the lessee of the building.
The Trust argues that based upon the relationship established in the lease between it and Tamerlane Corp., the tenant was the only appropriate party to pro *9 vide maintenance to the building; consequently, the Trust contends that it had no duty towards the appellees in this matter, and that it was entitled to a directed verdict.
However, under the lease the Trust retained the right of access to the leased premises in order to fulfill its duty to maintain the structure of the building and there was no provision indemnifying the Trust for all claims arising out of any defect in the premises. In addition, the lease had expired before the fire and the Trust produced no evidence as to the lease terms in effect at the time of the fire, therefore, it is not entitled to a finding that even the old lease was in effect on Oct. 2,1989.
Under Building Code, “structure” is defined as a combination of materials assembled at a fixed location to give or support shelter ... The word “structure” shall be construed where the context requires, as though followed by the words, “or part or parts thereof.”
Building Code, §201.0. “means of egress” is defined in the same section as “a continuous and unobstructed path of travel from any point in a building or structure to a public way.”
The Court was justified in finding that the Trust’s obligation to maintain the structure of the building included an obligation to maintain the means of egress, which formed part of the structure.
The appellants contend that the individual defendants were only agents and not liable. The fact that one is an agent does not necessarily preclude liability for torts. Somers v. Osterhold, 335 Mass. 24, 138 N.E. 2d 370 (1956).
A plaintiff may recover from an agent upon proof of conduct violating a legal duty owed to him. Coe v. Ware, 271 Mass. 570, 573, 171 N.E. 2d 732 (1930).
Avellar had consistently described herself as manager of the inn. The designation of “manager” implies general power and permits reasonable inferences that the employee so designated is invested with the general conduct and control of his employer’s business. Black’s Law Dictionary, 5th ed. (1979).
In addition, Avellar is described as having rushed into the burning, “totally dark, smoke-filled building” to search for the appellees and other guests. One may reasonably infer from this conduct that the safety of the guests was within the purview of her authority as manager of the inn.
Avellar knew that there were no employees of the inn on duty, that there was a single staircase from the second floor to the first floor, that the door on the first floor leading from the dining room to the lobby or reception area was either locked or inoperable, and that all of the windows on the second floor were not equipped with fire escapes or rope ladders.
The Court is entitled to find that Avellar, as manager of the inn, and with actual knowledge of these defects was responsible for correction of these conditions. The Court may also infer that Avellar was responsible for making sure that the inn was in compliance with the Building Code. Her failure to fulfill her responsibilities constituted a breach of the duty which she owed to the appellees.
Steele was the president of Tamerlane Corp. In addition, he was responsible for checking the security of the inn at night. Two hours prior to the fire, he inspected the inn and determined that all windows and doors were locked. When the fire broke out, he unlocked the doors to give the fire department access to the interior.
One may infer from this evidence that Steele was also charged with responsibility for the safety and security of the inn and its occupants. The Court was justified in finding that he did not fulfill his responsibility.
Steele was the trustee of the Trust. The evidence, reviewed as a whole, indicates that Steele was the only person engaged in the business of the Trust. He signed the lease to Tamerlane Corp. both as trustee of the Trust and as president of the corporation. Steele was the only person in a position to discharge the Trust’s duty to maintain the structure of the building. There is no evidence that that duty *10 was assigned to someone else. The Court was justified in finding that he failed to provide adequate and safe means of egress, and that he was personally at fault.
Corporations may be disregarded as separate entities under certain circumstances. Factors to be considered when deciding whether to penetrate the corporate veil are: common ownership, pervasive control, confused intermingling of business activity assets or management, thin capitalization, nonobservance of corporate formalities, absence of corporate records, no payment of dividends, insolvency at the time of the litigated transaction, siphoning away of corporate assets by dominant shareholders, non-functioning of officers and directors, use of corporation for transactions of dominant shareholders, and use of corporation in promoting fraud. Pepsi-Cola Metropolitan Bottling v. Checkers, Inc., 754 F. 2d 10, 14-16 (1st Cir. 1985).
In the present case, there is sufficient evidence to justify a piercing of the corporate veil. Many of the factors deemed significant in the Pepsi-Cola case are present here. Steele and Avellar had pervasive control over Tamerlane Corp. They were the only persons involved in the corporation and Trust. They confused or intermingled the assets of the business with their own. The corporation was thinly capitalized (its fire insurance had been cancelled due to non-payment, and Steele had listed it for sale). The business had “serious financial problems” at the time of the fire. Steele and Avellar failed to observe corporate formalities in the drafting and signing of the purchase and sale agreement.
These factors indicate “an element of dubious manipulation and contrivance, finagling, such that identities are confused and third parties cannot be quite certain with what they are dealing.” Evans v. Multicon Const. Corp., supra, 30 Mass. App.Ct. at 736. 574 N.E. 2d at 400.
The trial court was correct in piercing the corporate veil and finding Steele and Avellar individually liable for the negligence of the corporation.
The evidence warrants a finding that the lack of lighting and direct, unobstructed exiting access proximately caused the plaintiffs’ injuries. The defendants have suggested that since the fire was the work of an arsonist, the intervening criminal act of a third party is a superseding cause which breaks the chain of proximate causation. The trial court was not obligated to make such a ruling as a matter of law.
The important question is whether the fire was foreseeable. The relevant provisions of the Building Code, as well as the precautions which the defendants took to protect the inn’s patrons (installation of smoke detectors, fire alarms and sprinklers) would make little sense unless fire (whether by arson or otherwise) was foreseeable. Mullins v. Pine Manor College, 389 Mass. 47, 449 N.E. 2d 331, 337 (1983). The defendants had a duty to use reasonable care to prevent injury to the plaintiffs by third parties, whether the third parties’ acts were accidental, negligent or intentional.
The defendants each claimed to be aggrieved because of a lack of sufficient evidence for a finding against them and for a denial of their motion for judgment for a required finding.
For all the above reasons the trial court’s findings and rulings of law were warranted.
There was ample evidence after trial for a finding against all of the defendants and certainly enough evidence before trial to deny defendants’ motion for a required finding.
There was no error by the court.
The report is hereby dismissed and judgment is affirmed.